**Curtis McGLOTHLIN, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–91–163–CR.**

Court of Appeals of Texas, Eastland.

Nov. 24, 1993.

Phil Robertson, Robertson & Robertson, Clifton, for appellant.

Andy McMullen, Dist. Atty., Hamilton, for appellee.

## OPINION

ARNOT, Justice.

### ON REMAND

Appellant, Curtis McGlothlin, was convicted of aggravated sexual assault and punishment was assessed at 20 years confinement and a fine of $10,000. In our original opinion, *McGlothlin v. State*, 835 S.W.2d 267 (Tex.App.—Eastland 1992), after considering appellant's complaints that the trial court erred in accepting his nolo contendere plea which was subsequently withdrawn and in admitting evidence of extraneous offenses, we affirmed the judgment. The Court of Criminal Appeals reversed our judgment and remanded the cause to this court (1) for reconsideration of our holding in light of *Vernon v. State*, 841 S.W.2d 407 (Tex.Cr.App. 1992), which was handed down subsequent to our ruling, (2) for consideration of the issue of waiver which was presented but not reached in our original opinion, and, if necessary, (3) to conduct a harm analysis. *McGlothlin v. State*, 848 S.W.2d 139 (Tex.Cr. App.1992). Because appellant has waived error, we will affirm the judgment.

Essential to understanding this case is appellant's trial strategy. Appellant intended to plead nolo contendere, admit his guilt to the jury, and ask for leniency in his sentencing. This strategy was consistent throughout the trial even though appellant later changed his plea to not guilty when it appeared that the victim would not testify against him.

The record in this case is short. The State called only three witnesses: the victim, her examining physician, and an officer to whom appellant had made inculpatory statements. Appellant did not testify at the guilt/innocence phase. The State did not put on any evidence at the punishment phase.

Appellant was the Chief of Police at Meridian, Texas; and appellant had been in law enforcement work for about 19 years at the time of the assault. The victim was a school friend of appellant's son. The victim accompanied appellant's family on a vacation to Colorado. Appellant and the victim's relationship evolved into a romance. The victim testified that, on December 20, 1988, she had intercourse with appellant for the first time. At that time, the victim was 12 years old.

On direct examination of the victim, the prosecuting attorney, over objection, established that appellant and the victim had continued to have sex once or twice a week for about a year-and-a-half, sometimes committing such acts in the police station or in appellant's official automobile. At trial, the prosecuting attorney articulated his need to present these extraneous offenses: "[I]n order to establish for the jury the—the nature of that relationship and for the purpose of establishing intent and the likelihood that the offense occurred."

■ Appellant urges that, once the evidence established that he had committed the assault on December 20, 1988, intent was established and that the "full understanding of the relationship between the parties" was the "res gestae" exception which has been rejected in *Vernon*. See also *Montgomery v. State*, 810 S.W.2d 372 (Tex.Cr.App.1990). In his cross-examination of the victim, appellant's trial counsel established that the victim had approached the trial counsel and expressed a desire not to prosecute because she believed that she was at fault in the sexual advances. The victim blamed herself for appellant's trouble. We do not read this testimony as an attack on the victim's credibility. But rather, testimony was consistent with appellant's trial strategy that he was guilty; that he was sorry for his mistakes; that he asked for forgiveness from the victim, his family, and the jury; and that he also asked for leniency in a probated sentence.

In light of the court's ruling in *Vernon* rejecting the narrow "res gestae" exception recognized in *Boutwell v. State*, 719 S.W.2d 164 (Tex.Cr.App.1985), we are of the opinion that the State has not shown that the extraneous offenses were admissible under TEX. R.CRIM.EVID. 404(b).

We will now address the issue of waiver. At the punishment phase, appellant admitted, on cross-examination and without objection, all of the extraneous offenses brought out in the guilt stage. The State argues that, having admitted the extraneous offenses without

objection, appellant has waived error, if any, citing *DeGarmo v. State*, 691 S.W.2d 657 (Tex.Cr.App.1985).

In *DeGarmo* the court said:

[I]f a defendant does not testify at the guilt stage of the trial, but does testify at the punishment stage of the trial, and admits his guilt to the crime for which he has been found guilty, he has, for legal purposes, entered the equivalent of a plea of guilty. The law as it presently exists is clear that such a defendant not only waives a challenge to the sufficiency of the evidence, *but he also waives any error that might have occurred during the guilt stage of the trial.* (Emphasis added)

First, appellant argues that this principle, the rule of curative admissibility, has been severely criticized in *Gordon v. State*, 651 S.W.2d 793 (Tex.Cr.App.1983), and *Smyth v. State*, 634 S.W.2d 721 (Tex.Cr.App.1982). However, both *Gordon* and *Smyth* were decided before *DeGarmo* in which the court reaffirmed the rule of curative admissibility.

Second, appellant attacks the constitutionality of this rule relying on *Herbert v. State*, 827 S.W.2d 507 (Tex.App.—Houston [1st Dist.] 1992, no pet'n). In *Herbert*, the court questioned the constitutionality of the rule of curative admissibility in light of *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). In his concurring opinion, Justice Cohen expressed his concern about using punishment-stage testimony to prove guilt, stating:

The reason I would hold the rule unconstitutional is that once a judge erroneously overrules a motion for acquittal, based on insufficient evidence at the guilt stage of trial, any proceedings thereafter are void. The State, having failed to present sufficient evidence, should not be given a second chance to prove guilt at the punishment stage.

However, the basis for Justice Cohen's constitutional concerns are not present in the case before us. The evidence produced at the guilt stage, in this case *was* sufficient to show that appellant committed the aggravated sexual assault. As applied in this case, the rule of curative admissibility, as stated in *DeGarmo*, does not conflict with the constitutional issues discussed in *Burks* and *Greene*.

Third, appellant argues that the exception to this rule created in *Maynard v. State*, 685 S.W.2d 60 (Tex.Cr.App.1985), applies. In *Maynard*, the court said:

It is the general rule that when the defendant offers the same evidence to which he earlier objected, he is not in a position to complain on appeal. *Womble v. State*, 618 S.W.2d 59 (Tex.Cr.App.1981); *Cameron v. State*, 530 S.W.2d 841 (Tex.Cr.App.1975); *Palmer v. State*, 475 S.W.2d 797 (Tex.Cr.App.1972). This principle is better known as the doctrine of curative admissibility.... There exists, however, a corollary to this rule ... that the harmful effect of improperly admitted evidence is not cured by the fact that the defendant sought to meet, destroy, or explain it by the introduction of rebutting evidence. Such testimony does not act as a waiver of the right to challenge the admissibility of the evidence originally admitted. *Evers v. State*, 576 S.W.2d 46 (Tex.Cr.App.1978); *Alvarez v. State*, 511 S.W.2d 493 (Tex.Cr.App.1973); *Nicholas v. State*, 502 S.W.2d 169 (Tex.Cr.App.1973). [See also *Thomas v. State*, 572 S.W.2d 507 (Tex.Cr.App. 1978)].

However, this corollary does not apply because appellant did not seek to refute, deny, contradict, or impeach the testimony of the extraneous offenses or to create a defense based on or beyond these facts. Appellant admitted them.[1] See *Jones v. State*, 843 S.W.2d 487 at 493 Footnote 8 (Tex.Cr.App. 1992).

◼ At the punishment stage, appellant unequivocally admitted his guilt to the December 20, 1988, assault. Therefore, under *DeGarmo*, appellant has waived any error that occurred during the guilt stage. Appellant did not object to the admission of the extraneous offenses at the punishment stage.

---

1. We note that upon retrial these extraneous offenses may be admissible at the punishment stage under the 1993 amendment to Tex.Code Crim.Pro.Ann. art. 37.07, § 3(a), Act of May 29, 1993, 73rd Leg.; RS, Ch. 900 § 5.05, 1993 Tex. Sess.Law Serv. 3762 (Vernon).

Having failed to object to the extraneous acts at the punishment stage, appellant has failed to preserve error. TEX.R.APP.P. 52(a).

The judgment of the trial court is affirmed.