Curtis McGLOTHLIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 022–94.

Court of Criminal Appeals of Texas, En Banc.

March 8, 1995.

---

Phil Robertson, Clifton, for appellant.

Andy J. McMullen, Ben L. Stool, Dist. Attys., Hamilton, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

BAIRD, Judge.

Appellant was convicted of aggravated sexual assault and sentenced to 20 years confinement and a $10,000 fine. Tex.Penal Code Ann. § 22.021. The Court of Appeals affirmed. *McGlothlin v. State*, 835 S.W.2d 267 (Tex.App.—Eastland 1992). On original submission, we remanded the case to the Court of Appeals for reconsideration in light of *Vernon v. State*, 841 S.W.2d 407 (Tex.Cr.App. 1992). *McGlothlin v. State*, 848 S.W.2d 139 (Tex.Cr.App.1992). On remand, the Court of Appeals held the trial judge erroneously admitted extraneous offense evidence. *McGlothlin v. State*, 866 S.W.2d 70, 71 (Tex. App.—Eastland 1993). However, the Court of Appeals, relying on *DeGarmo v. State*, 691 S.W.2d 657 (Tex.Cr.App.1985), held appellant waived the error by "unequivocally admitting his guilt." *McGlothlin*, 866 S.W.2d 70, 72 (Tex.App.—Eastland 1993). We granted review to determine the continued viability of the *DeGarmo* doctrine.[1] We will affirm.

## I.

### A.

In February 1988, appellant, the Meridian Police Chief, became romantically involved with the twelve year old complainant. The first sexual contact, the charged offense, occurred on or about December 20, 1988. At trial, the complainant testified the sexual relationship lasted two years and involved oral sex and/or sexual intercourse once or twice a week. She further testified there were 50–60 such encounters occurring in appellant's house, his office, his police car and his personal car. Appellant's objections to the admission of these extraneous offenses were overruled. The relationship ended with appellant's arrest in February, 1991.

Appellant did not testify at the guilt/innocence phase of the trial. However, he did testify at the punishment phase and, on direct examination, admitted the charged offense. On cross-examination, appellant admitted, without objection, the extraneous offenses.

### B.

On direct appeal, appellant contended the trial judge erred by admitting the extraneous offense evidence during the guilt/innocence phase of the trial. The Court of Appeals, relying on *Boutwell v. State*, 719 S.W.2d 164 (Tex.Cr.App.1985), held the extraneous offenses admissible to show the broad context in which the charged offense occurred. *McGlothlin*, 835 S.W.2d at 269–270 n. 1. However, in *Vernon*, we held such evidence was admissible in only two circumstances: 1) if the "repetition of unnatural acts" was relevant to prove an elemental fact of the offense charged (as is necessary under Tex.R.Crim. Evid. 402 and 404(b)); or, 2) if the *credibility* of the child victim is called into question, *and* the evidence is relevant to prove an element of the offense charged. *Vernon*, 841 S.W.2d at 411. *Vernon* was decided after the promulgation of Tex.R.Crim.Evid. 404(b) which

---

1. Appellant's grounds for review state: First, whether appellant waived the error of admitting extraneous offenses during the guilt/innocence phase by acknowledging those extraneous offenses during his punishment testimony. And, second, whether appellant waived the error of admitting extraneous offenses during the guilt/innocence phase by admitting his guilt of the charged offense during his punishment testimony.

codified the general rule which prohibited the admission of extraneous offenses. *Id.*

Because the Court of Appeals delivered its opinion prior to our opinion in *Vernon*, we remanded the case to the Court of Appeals for further consideration in light of *Vernon*. On remand, the Court of Appeals held the trial court erred in admitting the extraneous offenses during the guilt/innocence phase. *McGlothlin*, 866 S.W.2d at 71. However, the Court of Appeals, relying on *DeGarmo v. State*, 691 S.W.2d 657 (Tex.Cr.App.1985), held appellant waived the error when he admitted committing the charged offense. *McGlothlin*, 866 S.W.2d at 71–73.

## II.

### A.

■ Over the years we have developed a doctrine of waiver akin to the doctrine of curative admissibility. *See generally, Maynard v. State*, 685 S.W.2d 60 (Tex.Cr.App. 1985); *and*, n. 9, *infra*. Under this doctrine, error occurring at the guilt/innocence phase of the trial is deemed to be waived if the defendant admits his guilt to the charged offense. For example, in *Richardson v. State*, 458 S.W.2d 665 (Tex.Cr.App.1970), the defendant voluntarily testified at the punishment phase of his trial, admitted the charged offense of rape, and asked the jury for mercy. On appeal, the defendant contended the trial court erred in denying his motion to suppress the in-court identification of the prosecutrix and challenged the sufficiency of the evidence to support the conviction. We held the defendant could not question the sufficiency of the evidence or the in-court identification after voluntarily confessing. *Id.*, 458 S.W.2d at 666.

Two years later, in *Boothe v. State*, 474 S.W.2d 219 (Tex.Cr.App.1972), the defendant voluntarily testified at the punishment phase

of his trial and admitted the charged offense. *Id.*, 474 S.W.2d at 219. On appeal, he challenged the sufficiency of the evidence. However, relying on *Richardson*, we affirmed, holding the defendant could not challenge the sufficiency of the evidence. *Id.*, 474 S.W.2d at 221.

In *DeGarmo v. State*, 691 S.W.2d 657 (Tex. Cr.App.1985), we again addressed the issue of whether a defendant could challenge the sufficiency of the evidence, on appeal, after admitting his guilt to the crime for which he has been convicted.[2] At the time of our consideration of *DeGarmo*, the parties agreed that if a defendant did not testify at the guilt stage of the trial, but testified at the punishment stage of the trial, and admitted his guilt, he had, for legal purposes, entered the equivalent of a plea of guilty. The *DeGarmo* Court stated:

> ... The law as it presently exists is clear that such a defendant not only waives a challenge to the sufficiency of the evidence, *but he also waives any error that might have occurred during the guilt stage of the trial.*

*Id.*, 691 S.W.2d at 661.[3] The Court reaffirmed the doctrine of waiver and overruled DeGarmo's challenge to the sufficiency of the evidence. *Ibid.* *See also, Palmer v. State*, 475 S.W.2d 797, 798 (Tex.Cr.App.1972); *Sims v. State*, 502 S.W.2d 730, 731 (Tex.Cr.App. 1973) (The Court would not consider the lawfulness of a search where defendant admitted possession of heroin.); *Sheridan v. State*, 485 S.W.2d 920, 921 (Tex.Cr.App.1972) ("The appellant, having voluntarily taken the stand at the penalty stage and ... admitted having marihuana in his possession, cannot question the lawfulness of the search wherein the marihuana was seized."); *Jones v. State*, 484 S.W.2d 745, 747 (Tex.Cr.App.1972) (The Court would not consider the lawfulness of search where defendant admitted possession

---

**2.** At the punishment phase of his capital murder trial, DeGarmo testified and told the jury that they had made the right decision by finding him guilty. He stated: "I was the one that was there and I was the one that did the crime. So, now you can at least sleep well knowing that you picked the right person and not thinking you may not have...." During his testimony, DeGarmo also threatened the jurors with death if he re-

ceived a *life* sentence. He told the jurors that if that happened, he would eventually cause each juror to die, or, if the juror was no longer alive, he would cause members of the juror's family to die. *DeGarmo*, 691 S.W.2d at 660.

**3.** All emphasis is supplied unless otherwise indicated.

of marihuana.); *McKenzie v. State,* 487 S.W.2d 65 (Tex.Cr.App.1972); *Creel v. State,* 493 S.W.2d 814, 819 (Tex.Cr.App.1973) (The defendant's admissions constitute a waiver and render it immaterial whether the search was made upon probable cause.); *Lasker v. State,* 573 S.W.2d 539, 543 (Tex.Cr.App.1978) (The defendant may not, on appeal, challenge the sufficiency of the evidence after testifying at the punishment phase and admitting the offense.); *Villareal v. State,* 811 S.W.2d 212 (Tex.App.—Houston [14th Dist.] 1991); *Gordon v. State,* 651 S.W.2d 793 (Tex.Cr. App.1983); *Womble v. State,* 618 S.W.2d 59 (Tex.Cr.App.1981); *Brown v. State,* 617 S.W.2d 234, 236 (Tex.Cr.App.1981) ("... [I]f the defendant chooses to testify at the punishment stage of the trial, but not at the guilt-innocence state, he may waive ... evidentiary objections made during the guilt-innocence state of the trial."); *and, Bodde v. State,* 568 S.W.2d 344, 348 (Tex.Cr.App. 1978).[4] This doctrine of waiver has also been criticized. *Gordon,* 651 S.W.2d at 794 (Teague, J., concurring); *and, Herbert v. State,* 827 S.W.2d 507, 510 (Tex.App.—Houston [1st Dist.] 1992, no pet.) (Cohen, J., concurring).[5]

Because of the infamy of the case, this concept of waiver has come to be known as the *DeGarmo* doctrine. *See,* n. 2, *supra.* The *DeGarmo* doctrine has been described as a "common-sense rule of procedure," *Bodde v. State,* 568 S.W.2d 344, 348 (Tex.Cr.App.

1978), because "the function of trial is to sift out the truth from a mass of contradictory evidence...." *In re Michael,* 326 U.S. 224, 227, 66 S.Ct. 78, 80, 90 L.Ed. 30 (1945). Stated another way, "The basic purpose of a trial is the determination of truth." *Tehan v. United States,* 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966). *See also, Duggan v. State,* 778 S.W.2d 465 (Tex.Cr.App.1989); *Lankford v. Idaho,* 500 U.S. 110, 127, 111 S.Ct. 1723, 1733, 114 L.Ed.2d 173 (1991); *Brown v. Wainwright,* 537 F.2d 154 (5th Cir.1976). When the defendant testifies and judicially confesses to the charged offense, the purpose of the trial process has been served—the truth has been determined and the purpose of the guilt/innocence phase of the trial has been satisfied. No reversible error should occur where the defendant has satisfied the necessity of the trial process.[6]

**B.**

Appellant offers four reasons to overrule or limit the application of *DeGarmo.* We will address these contentions in the order presented.

**1.**

Appellant first contends the *DeGarmo* doctrine is unconstitutional because it violates due process, double jeopardy and, in appellant's case, his right to present evi-

---

4. The dissent contends this case should be treated differently than *DeGarmo* because appellant is challenging the admissibility of the extraneous offenses while DeGarmo challenged the sufficiency of the evidence. *Post,* 190. However, the cases cited above stand for the proposition that the *DeGarmo* doctrine has never been limited to sufficiency challenges. The dissent does not cite, mention or distinguish these cases.

5. The dissent is not the first to condemn the *DeGarmo* doctrine. In *Gordon,* 651 S.W.2d at 793–94, Judge Teague stated:

   Let there be no mistake about the matter. The [*DeGarmo* doctrine] is indeed a harsh [rule of law], and will usually prevent most defendants, in any kind of bifurcated criminal trial from testifying at the punishment stage of trial, because they will fear that by testifying it may

cause waiver of any error which may have occurred during the guilt stage of the trial.

\* \* \* \* \* \*

   I, therefore, write this concurring opinion only to put defendants and their counsel on notice of what they may expect if the defendant decides to testify at the punishment stage of the trial, and during his testimony makes the equivalent of a plea of guilty to the offense for which he is on trial.

6. Without explanation, the dissent contends the *DeGarmo* doctrine threatens the fairness and efficacy of our adversary process. *Post,* 190. However, we fail to see how a conviction of an admittedly guilty person is an unfair result. Nor do understand how the efficacy of process is threatened when an individual is precluded from challenging a result that he admitted was correct.

dence. In support of this contention, appellant argues the *DeGarmo* doctrine conflicts with *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) *and, Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). *See also, Herbert v. State,* 827 S.W.2d 507, 510 (Tex.App.—Houston [1st Dist.] 1992, no pet.) (Cohen, J., concurring). However, *Burks* and *Greene* are readily distinguishable from the case at bar. In *Burks* and *Greene,* the issue was whether jeopardy barred a retrial after an appellate court finding of insufficient evidence. The Supreme Court held that if the error was trial error, the case could be retried without violating the prohibition against double jeopardy. However, if the appellate court found the evidence insufficient, retrial was jeopardy barred. *Burks,* 437 U.S. at 15, 98 S.Ct. at 2149 and 2151 and 18; *and, Greene,* 437 U.S. at 25–26, 98 S.Ct. at 2154–2155.

In the instant case, appellant does not contend the evidence was insufficient to support the jury's verdict or that his conviction was jeopardy barred. Instead, appellant's contentions deal with trial error, namely the improper admission of extraneous offense evidence. Consequently, the error at appellant's trial would not require an acquittal, instead the error would at most result in a new trial. Consequently, the affirmance of appellant's conviction based on *DeGarmo* does not conflict with the holdings in *Burks* and *Greene.*

### 2.

■ Appellant next contends the *DeGarmo* doctrine should apply only to guilt. He argues we should review judicial confessions consistent with Tex.R.App.Proc. 81(b)(2), and "if that review reveals that the defendant testified at punishment and admitted guilt, then the appellate court may find that the defendant waived any error in evidence or procedure that contributed to that finding of guilt." Appellant's brief, p. 11. This is precisely how the *DeGarmo* doctrine is applied; the judicial confession at punishment waives all error that occurred at the guilt stage of the trial. *DeGarmo,* at 661. Consequently, we read this portion of appellant's argument

as being consistent with the *DeGarmo* doctrine.

### 3.

■ Appellant next contends the *DeGarmo* doctrine should be harmonized with our holding in *Jack v. State,* 871 S.W.2d 741 (Tex.Cr.App.1994). In *Jack,* we held that a guilty plea waives all nonjurisdictional defects occurring prior to the guilty plea. *Jack,* 871 S.W.2d at 743. Our holding in *Jack* is consistent with the *DeGarmo* doctrine which does *not* waive error that occurs at the punishment phase of the trial.

### 4.

■ Finally, appellant contends we should carefully examine the elements of the offense to ensure that a judicial confession was, in fact, given. We have no disagreement with this proposition; indeed, it is already the law in Texas. *Smyth v. State,* 634 S.W.2d 721 (Tex.Cr.App.1982). However, we disagree with appellant's suggestion that he did not admit the elements of the charged offense. On direct examination appellant's attorney asked: "And do you tell the jury that you did, in fact, have sexual intercourse with this young lady?" And appellant responded, "Yes, sir." Clearly, a confession was intended and given. The instant case is distinguishable from *Smyth.*

### C.

■ Finally, the doctrine of *stare decisis* militates against our overruling the *DeGarmo* doctrine. *Stare decisis* dictates that we adhere to precedent and not disturb a settled principle of law. "The doctrine of *stare decisis* requires that we demonstrate the reluctance with which one in a judicial position should approach a line of decisions of long standing with the purpose of setting aside the doctrines therein laid down, some grey with antiquity, and the doctrine of *stare decisis* should bear heavily on retaining the integrity of such decisions." *Wolfe v. State,* 178 S.W.2d 274, 281 (Tex.Cr.App.1944). *Stare decisis* provides certainty and structure to the criminal trial process. "When a rule has been once deliberately adopted and declared and uniformly followed, it should

not be abandoned except upon the most urgent of reasons." *Gearheart v. State*, 197 S.W. 187, 188–189 (Tex.Cr.App.1917). As noted in part II.A of this opinion, the *DeGarmo* doctrine has long been a part of the law in Texas. Appellant fails to provide a "most urgent reason" to overrule a concept of waiver which has endured through the years.[7]

For all of the foregoing reasons, we decline appellant's invitation to overrule the *DeGarmo* doctrine and hold that it is still a viable doctrine of waiver.

### D.

▮▮▮ Having determined the *DeGarmo* doctrine is still valid, we now turn to the instant case. The trial strategy employed by appellant is indistinguishable from that in *Richardson*. Appellant initially pled nolo contendre but later changed his plea to not guilty. After the complainant testified and the jury found appellant guilty, appellant testified at the punishment phase in support for his application for probation.[8] Had appellant chosen to not testify, he would not be faced with the issue of waiver. *Munoz v. State*, 853 S.W.2d 558, 560 n. 3 (Tex.Cr.App.1993).

However, when appellant admitted the charged offense the *DeGarmo* doctrine controlled and he waived all error committed during the guilt/innocence phase of his trial. Appellant's second ground for review is overruled.

### III.

▮▮▮ In his remaining ground for review, appellant contends his testimony relating to the extraneous offenses falls into the exception to the doctrine of curative admissibility established in *Maynard v. State*, 685 S.W.2d 60 (Tex.Cr.App.1985).[9] As previously noted, the extraneous offenses were admitted at the guilt/innocence phase of the trial. Later, at the punishment phase of the trial, appellant judicially confessed to the charged offense and, on cross-examination, admitted the extraneous offenses. Because appellant's judicial confession to the charged offense waived the error of admitting the extraneous offenses, this ground for review is moot. Appellant's first ground for review is dismissed.

The judgment of the Court of Appeals is affirmed.

---

7. The dissent states that *stare decisis* has no place in the disposition of a case where discretionary review was granted specifically for the purpose of reconsidering case law. *Post*, 190. We respectfully disagree. In all cases where the issue under consideration has been previously addressed in an opinion, that opinion should be followed unless there are urgent and compelling reasons to overrule that precedent. This is the normal approach of this Court in every case, not just those dealing with continued viability of our prior decisions. *See, e.g., George v. State*, 890 S.W.2d 73 (Tex.Cr.App.1994) (Court opted not to alter century of precedent requiring that jury charge instruct the jury not to consider extraneous offenses unless found beyond a reasonable doubt.).

8. As the Court of Appeals noted appellant's consistent trial strategy was to admit guilt and ask the jury for leniency in his sentencing. *McGlothlin*, 866 S.W.2d at 71.

9. Under the doctrine of curative admissibility when a defendant offers the same evidence to which he earlier objected, he is not in a position to complain on appeal. *Maynard*, at 65. There is a corollary to this rule that the harmful effect of improperly admitted evidence is not cured by the fact that the defendant sought to meet, destroy, or explain it by the introduction of rebut-

ting evidence. *Ibid.* And such testimony does not act as a waiver of the right to challenge the admissibility of the evidence originally admitted. *Ibid,* (Citing, *Evers v. State*, 576 S.W.2d 46 (Tex. Cr.App.1978); *Alvarez v. State*, 511 S.W.2d 493 (Tex.Cr.App.1973); *Nicholas v. State*, 502 S.W.2d 169 (Tex.Cr.App.1973)).

In *Nicholas v. State*, 502 S.W.2d 169 (Tex.Cr. App.1973), we explained the doctrine of curative admissibility:

... the improper admission of evidence over objection is rendered harmless by the unobjected-to admission of other evidence *of substantially the same facts;* whereas, the introduction of evidence seeking *to meet, destroy, or explain* the erroneously admitted evidence does not render the error harmless. The rationale should be equally clear: if a fact be proven without objection, its erroneous proof over objection, although still error, is harmless error since the same facts have been proven without objection. On the other hand, presentation of *other* evidence which does *not* prove those facts erroneously admitted, but only tends to meet, destroy, or explain the erroneously admitted evidence, can hardly be considered to cure the error within the rationale of the first rule....

*Id.,* 502 S.W.2d at 174–175 (Opinion on rehearing) (emphasis in original).

MEYERS, Judge, dissenting.

We granted discretionary review in this case to reexamine the holding of *DeGarmo v. State,* 691 S.W.2d 657 (Tex.Crim.App.1993), or, as the majority puts it, "to determine [its] continued viability." Slip Op. at 1. Instead, the Court merely summarizes the meager case law in *DeGarmo*'s family group, dismisses appellant's challenge to *DeGarmo* as if it really missed the point of that case, and concludes with a brief homily on the virtues of *stare decisis.* In my opinion, this does not count as a reexamination of *DeGarmo.*

In the first place, *stare decisis* has no place in the disposition of a case where discretionary review was granted specifically for the purpose of reconsidering case law. Sensible discretionary review courts do not waste their limited resources simply to reiterate old decisions without useful elaboration. Discretionary review should be reserved only for cases in which the Court has something important to say, not squandered on the straightforward application of precedent to unexceptional facts. *See Arcila v. State,* 834 S.W.2d 357 (Tex.Crim.App.1992). This is especially true where, as here, the lower appellate court did not err in its own application of precedent to the case. Invocation of *stare decisis* in the present context, therefore, only underscores this Court's poor management of its own caseload.

In the second place, it seems to me that the majority misunderstands appellant's arguments. While his brief is perfunctory, I have no trouble discerning from it that he regards the *DeGarmo* rule, at least as applied in his case, as a profound threat to the fairness and efficacy of our adversary process because it forces defendants to abandon legitimate trial strategies in order to obtain appellate review. In this way, it conditions the right to a fair trial upon the willingness of an accused to give up defending himself as soon as the trial judge commits reversible error.

The passage from *DeGarmo* relevant to the instant cause is as follows.

[T]he present law in Texas is that if a defendant does not testify at the guilt stage of the trial, but does testify at the punishment stage of trial, and admits his guilt to the crime for which he has been found guilty, he has, for legal purposes, entered the equivalent of a plea of guilty. The law as it presently exists is clear that such a defendant not only waives a challenge to the sufficiency of the evidence, but *he also waives any error that might have occurred during the guilt phase of trial.*

691 S.W.2d at 660–61 (emphasis added).

DeGarmo was convicted of capital murder and sentenced to die. Unlike appellant in the instant cause, he alleged on appeal that the evidence was not sufficient to support his conviction. This Court held that DeGarmo's admissions "made at the punishment phase of trial constitute waiver of his challenge to the sufficiency of the evidence[.]" *Id.* at 661. The Court did not have occasion to hold that DeGarmo also waived errors committed at the guilt phase of trial, as no such errors were presented for review on appeal. Thus, the emphasized language from this Court's opinion in *DeGarmo,* upon which the lower court and the majority rely in this case, is dicta.

That is not to say, of course, that there is no precedent for it. *DeGarmo* cited *Bodde v. State,* 568 S.W.2d 344, 348 (Tex.Crim.App. 1978) for the proposition, and there are a number of other cases which also support the rule. In my view, however, opinions such as *DeGarmo* which hold that sufficiency points are waived by admissions made at the punishment phase of trial do not present exactly the same issue as is presented in the instant cause. Whether a new trial should be ordered because of errors rendering the first one unfair is a substantially different question than whether a judgment of acquittal should be ordered for insufficient evidence.

In the first place, sufficiency points are not usually considered by this Court to be waivable at all, since no trial objection is required to present them for appellate review. In the second place, judicial confessions are normally thought sufficient by themselves to justify conviction. *Dinnery v. State,* 592 S.W.2d 343 (Tex.Crim.App.1979). *Cf. Williams v. State,* 674 S.W.2d 315 (Tex.Crim.App.1984) (plea of guilty before jury sufficient to establish guilt). For these reasons alone, it is proba-

ble that the language of *DeGarmo* and other cases holding that a judicial confession waives any sufficiency points on appeal are anomalous. I suspect that the puzzle might have been fashioned inadvertently many years ago by some nonstandard use of the word "waiver."

Be that as it may, the situation presented in the instant cause is quite different. Appellant does not claim that he is innocent or that the evidence adduced at trial was insufficient to support his conviction. He alleges only that his trial was conducted unfairly, contrary to the law, because proof of extraneous offenses was erroneously received in evidence over his objection. Upon this point, at least, the Court agrees with him. *McGlothlin v. State,* 848 S.W.2d 139 (Tex.Crim.App. 1992). But the Court evidently does not think he was entitled to a fair trial on the question of his culpability because he admitted guilt after it was all over. I do not share this view because I do not think that the willingness of an accused later to confess his guilt has anything at all to do with the fairness of his trial beforehand.

Imagine appellant's position in the instant cause. He hopes that the jurors will not find the State's proof so credible or convincing as to persuade them of his guilt beyond a reasonable doubt. The State shares this concern. Therefore, to increase the probability of a conviction, it offers evidence of other similar offenses committed by appellant in the past. Because our law does not permit the jury to infer from past misconduct alone that an accused person committed the offense with which he is charged, the State's proof may not be admitted over appellant's objection unless it is relevant to prove an element of the charged offense and is not unfairly prejudicial. Tex.R.Crim.Evid. 403, 404(b). The trial judge, mistakenly believing the evidence to be relevant, receives it despite appellant's demand that it be excluded.

Appellant is now forced to reevaluate his trial strategy. Because he cannot take an interlocutory appeal of the trial court's ruling, he must try the remainder of his case just as he would if the evidence of his extraneous misconduct had been admitted properly. If he can honestly deny committing the offense with which he is charged, he may wish to take the stand himself, admit the extraneous misconduct, and give an explanation which makes it seem less egregious or which expresses sincere remorse for the harm he has caused. Even if he cannot deny the charged offense, he may still take the stand and admit his guilt, hoping that the jury will be inclined to lenity if he voluntarily assumes responsibility for his acts.

I do not mean to oversimplify the problem. A judicial confession is a significant event in the criminal process because it amounts to an admission of guilt made before a neutral tribunal under circumstances where the defendant's right to remain silent is scrupulously honored. Accordingly, I would not hold that evidence is insufficient to support conviction under any circumstances where the defendant made a voluntary confession before the factfinder prior to rendition of its verdict finding him guilty. But when a judicial confession is exacted from the defendant by depriving him of a fair trial, no legitimate interest of the system is served by holding that his confession somehow ratified the unfairness. *Cf. Harrison v. United States,* 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968) (judicial admission at a former trial may not admitted against defendant at subsequent trial if prior testimony was compelled by erroneous receipt of unconstitutionally seized evidence). In such case, a new trial is always in order.

Ten years ago this Court confronted a similar problem in context of the curative admissibility rule, upon which the lower court in this case also relied to affirm appellant's conviction. *Maynard v. State,* 685 S.W.2d 60 (Tex.Crim.App.1985). That rule provides generally that "when the defendant offers the same evidence to which he earlier objected, he is not in a position to complain on appeal." *Id.* at 65. Although the rule was subject to a vague exception that "the harmful effect of improperly admitted evidence is not cured by the fact that the defendant sought to meet, destroy, or explain it by rebutting evidence," any attempt at rebuttal or explanation that admitted the truth of such evidence was still generally held to waive appellate complaint. *Id.* at 65–66.

Recognizing the manifest unfairness of this rule, the Court in *Maynard* overruled cases to the contrary and held that

> no waiver occurs when, after the admission over objection of *evidence of an extraneous offense,* the defendant testifies to essentially the same facts to which he had earlier objected. This is sound policy because it is fair policy. An extraneous offense is collateral to the facts in issue at trial and is inherently prejudicial. That it actually took place does not affect the lack of relevance. To require the defendant to sit mute in the face of such harmful evidence to preserve the issue for appellate review is to unfairly hamstring the defendant at trial. Once the evidence is admitted, correctly or incorrectly, the defendant is compelled by the exigencies of trial to mitigate such inherently prejudicial evidence as best he or she can.

*Id.* at 66.

Shortly after *Maynard* was handed down, the Court reached an analogous result in context of negotiated guilty pleas, abandoning the rule that a judicial confession overcomes the right of a defendant to appellate review of pretrial errors. *Morgan v. State,* 688 S.W.2d 504 (Tex.Crim.App.1985). Observing first that article 44.02, Code of Criminal Procedure, was enacted to encourage negotiated pleas of guilty by preserving the right to appeal without requiring the formality of an expensive and time-consuming trial, the Court noticed that this purpose had been thwarted in practice by the rule that errors need not considered on appeal if the guilty plea is supported by a judicial confession. Finding that this practice "substantially vitiates" the statute, the Court overruled prior opinions to the contrary and held that

> [w]hen made, the confession or admission is a necessary and concomitant part of the whole ritual of the guilty plea trial. Just as the plea itself no longer waives the right to complain of pretrial rulings on appeal, so the confession or admission will not bar an appellate court from reaching the merits of the complaint.

*Id.* at 507.

Both of these opinions serve to effectuate what should be the consistent policy of our jurisprudence, not just to promote the accuracy of factfinding but to ensure the fairness of dispute resolution. *Morrison v. State,* 845 S.W.2d 882 (Tex.Crim.App.1992). So far as I can tell, *DeGarmo* and its cousins are the only vestiges of the profoundly anti-adversarial attitude which forces an accused to give up his right to appeal for the privilege of defending himself at trial. Abandoning it would not only restore fairness to the resolution of disputes in criminal litigation, but would also promote legitimate social interests, similar to those underlying article 44.02, by encouraging defendants to seek a satisfactory disposition of the case at trial in spite of judicial errors, and thereby avoid the time and expense of appellate review. For the reasons given above, I would, therefore, overrule *DeGarmo* and remand the instant cause for further proceedings consistent with this opinion.

CLINTON and MALONEY, JJ., join.