TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-93-00647-CR

Troy Roberson, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT

NO. 0934036, HONORABLE JON N. WISSER, JUDGE PRESIDING

PER CURIAM

 A jury found appellant guilty of murder and assessed punishment at imprisonment
for life and a $10,000 fine. Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 19.02, 1973 Tex.
Gen. Laws 883, 913, amended by Act of May 28, 1973, 63d Leg., R.S., ch. 426, art. 2, § 1,
1973 Tex. Gen. Laws 1122, 1123 (Tex. Penal Code Ann. § 19.02, since amended). Appellant
shot and killed the deceased in a drug-related dispute.

 In his only point of error, appellant contends the district court erred by permitting
the State to adduce testimony that appellant's trial attorney had also been the attorney for a
witness. The witness in question was Perry Williams, a friend of appellant who witnessed the
shooting and testified for the State during the guilt phase of trial. In response to questions by the
prosecutor, Williams acknowledged that, since the shooting, he had been convicted and placed on
probation for possession of cocaine. 

Q: And who was your attorney in that matter?

A: Lee Richardson.

Q: This same Lee Richardson over here?

A: Yes.

Q: Was he your attorney during the same time that he's been Troy's attorney?

A: No.

Q: When was he -- how do you know?

A: He wasn't Troy's attorney then, he was mine.

At this point, appellant objected to this questioning as irrelevant and an effort "to get at the
defendant through his lawyer." The objection was overruled but the prosecutor went on to
another subject.

 Any error in this line of questioning was not preserved for two reasons. First,
appellant did not object at the earliest opportunity. Johnson v. State, 803 S.W.2d 272, 291 (Tex.
Crim. App. 1990). Second, appellant waived any error that occurred at the guilt phase when he
testified at the punishment phase and admitted his guilt. McGlothlin v. State, 896 S.W.2d 183,
187 (Tex. Crim. App. 1995). The point of error is overruled.

 The judgment of conviction is affirmed.

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: December 20, 1995

Do Not Publish