**Michael John SHORT, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–95–118–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 29, 1996.

Rehearing Overruled April 11, 1996.

Greg Westfall, Jeff Kearney & Associates, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney; Betty Marshall and Charles Mallin, Assistant Chiefs of the Appellate Section; Elizabeth A. Martin, Jamie Cummings, and Phil Sorrells, Assistant Criminal District Attorneys, Fort Worth, for appellee.

From Criminal District Court Number Four, Tarrant County, Joe Drago, III, Judge.

Before DAY, RICHARDS and HOLMAN, JJ.

## OPINION

RICHARDS, Justice.

Michael John Short appeals his conviction by a jury for two counts of aggravated assault. Three points of error are presented on appeal. In point of error one, Short contends the trial court erred in failing to charge the jury on the lesser-included offense of reckless conduct in connection with one of the victims, Angela Dragowski. In points of error two and three, the same argument is advanced with respect to the other victim, Richard Cox. We affirm.

The testimony at trial showed that at approximately 9:00 p.m. on January 29, 1994, Short, who was in a Chevrolet Blazer, became angry at Dragowski and Cox after he perceived that Cox was driving a Ford Escort too slowly in the fast lane of traffic on State Highway 183 in Bedford. After directing hand gestures and unpleasant facial expressions at Dragowski, who was a passenger in the Escort, Short drew a handgun and opened fire. A bullet traveled through the back passenger-side window and through the left shoulder of the passenger seat. The bullet struck Cox in the back but luckily caused only a superficial wound.

Both stages of the trial were tried to the jury. At the punishment stage, in the hope

of convincing the jury he was remorseful and deserving of a lenient sentence, Short testified as follows:

[DEFENSE COUNSEL]: Are you sorry or not for what happened?

[SHORT]: Excuse me?

[DEFENSE COUNSEL]: *The incident that you are charged with here and been found guilty of aggravated assault, are you sorry for doing that?*

[SHORT]: *Very sorry.*

[DEFENSE COUNSEL]: Whose fault was all this?

[SHORT]: It was mine. [Emphasis added.]

This exchange is critical to Short's arguments on appeal. If we interpret the record as containing an admission by Short that he was, in fact, guilty of the offense of aggravated assault, we must hold that he effectively waived all nonjurisdictional error at the guilt/innocence stage, including the three points of error advanced on appeal. *See McGlothlin v. State*, 896 S.W.2d 183, 188 (Tex.Crim.App.1995).

The concept of waiver at issue has come to be known as the "*DeGarmo* Rule," after the seminal case of *DeGarmo v. State*, 691 S.W.2d 657 (Tex.Crim.App.), *cert. denied*, 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985). Roger DeGarmo was convicted of the capital murder of Kimberly Strickler, a young woman DeGarmo and an accomplice kidnapped and then murdered. Although he pleaded "not guilty" at the guilt/innocence stage of the trial, at the punishment stage DeGarmo testified: "I was the one that was there and I was the one that did the crime. So, now you can at least sleep well knowing that you picked the right person and not thinking you might not have ..." *Id.* at 660.

On appeal DeGarmo contended the evidence was insufficient to sustain the jury verdict finding him guilty of capital murder. The Court of Criminal Appeals rejected the sufficiency challenge, ruling that because DeGarmo had, in effect, admitted his guilt at the punishment stage, he waived his challenge to the sufficiency of the evidence. *Id.* at 661. The "*DeGarmo* Rule" was recently reaffirmed and clarified in *McGlothlin* where

the following exchange occurred at the punishment stage of a case in which the defendant had earlier pleaded not guilty to the offense of sexual assault:

[DEFENSE COUNSEL]: And do you tell the jury that you did, in fact, have sexual intercourse with this young lady?

[DEFENDANT]: Yes, sir.

*McGlothlin*, 896 S.W.2d at 188.

The Court of Criminal Appeals held that this testimony was tantamount to a judicial confession and that under the "*DeGarmo* Rule" the defendant waived all error occurring at the guilt/innocence stage of the trial. *Id.* at 189.

We hold that the "*DeGarmo* Rule" is equally applicable in the instant case. Short answered in the affirmative when his attorney questioned whether he was sorry for the "incident that you are charged with here and been found guilty of aggravated assault." Short's counsel forcefully argued during oral submission before our Court that Short's testimony can be interpreted in such a manner as indicating only his sorrow for the "incident" in general, and not an acceptance of responsibility for the offense for which the jury had convicted him. We find counsel's argument, while creative, to be unpersuasive. Appellate counsel's interpretation would have us attach no significance to trial counsel's specific reference to the offense of "aggravated assault" for which "you are charged with here and been found guilty of." The exchange in our case is as indicative of an acceptance of guilt as the comparable testimony given in *DeGarmo* and *McGlothlin*.

Short's points of error concern instances of alleged error at the guilt/innocence stage. Consequently, given our finding of waiver under the "*DeGarmo* Rule," points of error one, two, and three are overruled and the conviction is affirmed.