Affirmed and Opinion filed May 27, 2004









Affirmed
and Opinion filed May 27, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00736-CR

____________

 

FELIPE PEDRO
CASTELLON,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 935,983

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Felipe Pedro Castellon, appeals
from his conviction for indecency with a child. 
After a jury found appellant guilty, the trial court sentenced him to
fifteen years= imprisonment.  In a single issue, appellant contends that
the trial court erred in refusing his request for an instructed verdict and in
submitting an issue to the jury when there was no evidence to support it.  Because all dispositive issues are well
settled in law, we issue this memorandum opinion.  See Tex.
R. App. P. 47.4.  We affirm.

 

 








Background

Appellant was charged with indecency with
a child.[1]  See Tex.
Pen. Code Ann. ' 21.11 (Vernon 2003).  The indictment contained three operative
paragraphs regarding indecency: the first alleged appellant had the complainant
touch his genitals, the second alleged appellant touched the complainant=s buttocks through
her clothes with his penis, and the third alleged appellant exposed his
genitals to the complainant.  At the
close of evidence, defense counsel moved for an instructed verdict regarding
paragraph one of the indictment, contending that there was no evidence that the
appellant had the complainant touch his genitals.  The trial court denied the request.

In the charge, the court authorized the
jury to find appellant guilty of either indecency by touching or indecency by
exposure.  The jury was further permitted
to find appellant guilty of indecency by touching if it found either that
appellant had the complainant touch his genitals or that appellant touched the
complainant=s buttocks through her clothes with his
penis.  Appellant objected to the charge
on the basis that there was no evidence supporting the conclusion that he had
the complainant touch him.  The trial
court overruled the objection.  The jury
subsequently found appellant guilty of indecency by touching.[2]

Analysis








On appeal, appellant contends that the trial
court erred (1) in denying the motion for an instructed verdict and (2) in
submitting a charge that permitted a general finding of guilt under multiple
alternative allegations.  Taking the
latter argument first, it is the law of Texas that when a general verdict is
returned and the evidence is sufficient to support a finding of guilt under any
of the paragraph allegations submitted, the verdict will be upheld.  McDuff v. State, 939 S.W.2d 607, 614
(Tex. Crim. App. 1997).[3]  Appellant concedes that the law on general
verdicts is as expressed in the McDuff case and that the evidence is
sufficient to prove his guilt of indecency under the allegation that he
inappropriately touched the complainant. 
Appellant contends, however, that the Texas rule regarding general
verdicts is wrong.  As an intermediate
appellate court, we are bound to follow precedent established by the Court of
Criminal Appeals.  See McGlothlin v.
State, 896 S.W.2d 183, 188-89 (Tex. Crim. App. 1995); Barstow v. State,
742 S.W.2d 495, 501 n.2 (Tex. App.CAustin 1987, writ
denied).  Accordingly, appellant=s second argument
is without merit.

Appellant=s first argument,
that the court erred in denying the motion for an instructed verdict, attacks
the legal sufficiency of the evidence to support the verdict.  See Williams v. State, 937 S.W.2d 479,
482 (Tex. Crim. App. 1996).  Because
appellant concedes that the evidence was sufficient under one of the indecencyBbyBtouching
paragraphs, appellant=s instructed verdict argument is moot.

Furthermore, even if the argument was not
moot, the evidence was legally sufficient to support submission of the
alternate indecencyBbyBtouching
allegation.  We utilize the normal
standards of review in considering this legal sufficiency challenge.  See King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000).  Appellant
contends that although the evidence was legally sufficient to show he touched
the complainant=s buttocks through her clothes with his
penis, the evidence was insufficient to show he had the complainant touch his
genitals.  The complainant testified that
appellant grabbed her from behind and pulled her to him so that his penis
touched the back of her bare legs and her buttocks through her shorts.  This testimony was legally sufficient to
demonstrate appellant had the complainant touch his genitals.  Accordingly, we overrule appellant=s sole issue.  

 

 








The trial court=s judgment is
affirmed.

 

/s/      Adele Hedges

Chief Justice

 

Judgment
rendered and Memorandum Opinion filed May 27, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  The
complainant was a tenByear old girl.





[2]  The charge was
structured such that, having found the appellant guilty of indecency by
touching, the jury did not have to consider whether he was also guilty of
indecency by exposure.





[3]  In McDuff,
the jury was authorized to find the defendant guilty of capital murder because
he intentionally caused the death of the complainant in the course of
committing or attempting to commit aggravated sexual assault or aggravated
kidnapping.  939 S.W.2d at 614.