NO. 07-02-0145-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 17, 2004

_____


CLIFFORD SCOTT MEDLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 35,170-C; HONORABLE PATRICK A. PIRTLE, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Clifford Scott Medley appeals from his conviction for murder and punishment of 40 years incarceration.  We affirm.

On or about May 30, 1995, Frankie Steinbrecher was strangled to death in Potter County.  Appellant was indicted for murder in connection with Steinbrecher's death.

Appellant pled not guilty to the charge and was tried to a jury in April 1998. This court, in Cause No. 07-98-0225-CR, reversed the resulting conviction and remanded the case for new trial.

Following retrial, held from March 5-8, 2002, a jury found appellant guilty of murder and assessed his punishment at 40 years imprisonment in the Texas Department of Criminal Justice, Institutional Division. Appellant timely filed a motion for new trial and gave notice of appeal.

Appointed counsel for appellant has filed a Motion to Withdraw as counsel and a brief in support thereof. In support of the motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that in the opinion of counsel, the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. Counsel thus concludes that appeal would be frivolous. Counsel has discussed why, under the controlling authorities, there is no arguably reversible error in the trial court proceedings or judgments. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has certified that a copy of the Anders brief and Motion to Withdraw as Counsel have been served on appellant, and that counsel has appropriately advised appellant of his right to review the record and file a *pro se* response. Appellant has filed a *pro se* response. By his response, appellant presents 20 issues. These 20 issues are generally related to four substantive areas: (1) whether the retrial of appellant offended the

Constitutional guarantee against double jeopardy, (2) whether the trial court erred in admitting appellant's testimony from the first trial to impeach his inconsistent testimony at the retrial, (3) whether the trial court acted in such a precipitate and reckless manner that it consciously disregarded appellant's Constitutional rights, and (4) whether there was sufficient factual evidence presented to support the conviction.

Issue groups one through three in the *pro se* response turn on the question of the propriety of the trial court's admission of appellant's prior testimony for purposes of impeachment.[1]  We agree with appellate counsel that prior testimony is admissible for impeachment purposes if freely and voluntarily given, even if obtained in violation of prophylactic rules designed to protect Constitutional rights.  See Michigan v. Harvey, 494 U.S. 344, 351, 110 S.Ct. 1176, 108 L.Ed.2d 293 (1990); Harris v. New York, 401 U.S. 222, 224-25, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971); Garza v. State, 18 S.W.3d 813, 826-27 (Tex.App.–Fort Worth 2000, pet. ref'd).

Prior to allowing the State to use appellant's prior testimony to impeach his testimony in the present case, the trial court held a hearing on the voluntariness of the prior testimony and found that the testimony was voluntarily given.  There is sufficient evidence in the record of the retrial and the first trial to support the trial court's voluntariness finding.

---

[1]Appellant's double jeopardy arguments depend on a finding that the trial court acted intentionally or with conscious disregard of appellant's Constitutional rights in admitting the prior trial testimony and, therefore, our conclusion that the trial court did not err in admitting this testimony for impeachment purposes resolves appellant's double jeopardy complaints.  See Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); Ex parte Mitchell, 977 S.W.2d 575 (Tex.Crim.App. 1997); McGlothlin v. State, 896 S.W.2d 183, 188 (Tex.Crim.App. 1995).

The trial court did not abuse its discretion in admitting the prior testimony for impeachment purposes. See Green v. State, 934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996). The evidence is similar to that presented at the first trial and referenced in our opinion on the first appeal. The evidence is clearly legally and factually sufficient to support conviction.

We have made an independent examination of the record to determine whether there are any non-frivolous grounds on which an appeal could arguably be founded. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds. We agree with appellate counsel that the appeal is without merit.

Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial court is affirmed.


Phil Johnson
Chief Justice


Do not publish.