In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00170-CR
_____

TRAVIS JERAY DESHOTEL, Appellant

V.

THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 19-33509**

**MEMORANDUM OPINION**

A grand jury indicted Travis Jeray Deshotel for robbery. *See* Tex. Penal Code Ann. § 29.02. Deshotel pleaded "not guilty." A jury found Deshotel guilty of robbery and assessed his punishment as a habitual felony offender at twenty-five years of confinement. In two issues on appeal, Deshotel complains the trial court erred by admitting speculative testimony from the complaining witness and allowing the prosecutor to engage in improper jury argument by referring to the punishment phase

1

of trial in his argument during the guilt innocence stage. As discussed below, we affirm the trial court's judgment

PERTINENT BACKGROUND

During trial, the complaining witness, James,[1] testified that he and his family were in the parking lot of a movie theater when Deshotel approached him and told him to give him three dollars. James explained that when he told Deshotel he did not have any money, Deshotel was aggressive, fidgety, and looked ready to attack, and James "could tell that he wasn't going to leave me alone." James testified that Deshotel told him "'[y]ou're going to come out of your pockets. You're going to come out of your shoes,'" and James explained he had never heard that expression. James testified that he pleaded with Deshotel to leave him alone, and he asked his ex-wife to get help. James further testified that Deshotel punched him in the face with his fist, and Deshotel "had been pulling up his pants. So, I kept watching his pants. I knew . . . he wasn't going away, so I thought." At that point, defense counsel objected based on speculation, and the trial court overruled the objection. James explained, without objection, that he kept watching Deshotel's pants because he thought he might have a gun. After Deshotel said negative things about James's

---

[1] We refer to the victim by a pseudonym to protect his privacy. *See* Tex. Const. art. I, § 30(a)(1) (granting crime victims "the right to be treated with fairness and with respect for the victim's identity and privacy throughout the criminal justice process").

family and punched James, James took Deshotel to the ground, hit him three times, and after James realized Deshotel was unconscious, James provided aid to Deshotel. James testified that Deshotel was not panhandling because he was demanding, and he knew Deshotel was not going away and that he would have a problem with Deshotel. James knew he "was probably in trouble[]" and would have to defend himself because Deshotel "wasn't going away." James explained that after the incident he had several wrist surgeries and lost his job.

During jury argument in the guilt-innocence stage, the prosecutor made the following argument:

> Honestly, if you believe that what he did was panhandling, you're going to make me shake my head. If we're going to worry about his injuries, let's do that on the other side once you go back there and do the right thing, find him guilty. We'll then talk about, like I told you-all, what we do on guilt, we focus in on the facts. Is the crime proven? When the crime is proven, we deal with that.

> On the flip side when we come back and we're dealing with guilty, we take a wide approach, right? We look at everything else that's out there. That's when I will want you to consider the fact that he honestly messed with the wrong guy. That's when we consider the fact that this man told you that he lost his job, that he had three surgeries and he's still dealing with that broken hand. That's when we'll consider that. That's when we'll consider that this man, Mr. Deshotel was unconscious for a very long time and had to get taken to the hospital where he received medical care. There [are] five pictures of this. These are the facts; and the sympathy about what we should give him because of his injuries, I will gladly tell you again. I want you to consider that at punishment, not now.

The record shows Deshotel did not object to the complained of argument.

3

ANALYSIS

In issue one, Deshotel complains the trial court erred in allowing the State to introduce speculation through James's testimony. Deshotel argues that the improper evidence bolstered James's testimony concerning his thought process and beliefs regarding Deshotel's intended actions. Deshotel argues the prosecutor elicited improper opinion testimony that relied on James's speculation. The State argues Deshotel failed to preserve error because he did not object each time the complained of testimony was admitted.

An appellate court reviews a trial court's ruling on the admissibility of evidence under an abuse-of-discretion standard. *See Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018). Under that standard, the trial court's ruling on evidentiary matters should be upheld as long as it is within the zone of reasonable disagreement. *Id.*; *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). "[T]he Court of Appeals cannot simply substitute its own decision for the trial court's." *Moses*, 105 S.W.3d at 627.

The Texas Rules of Evidence provide that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Tex. R. Evid. 602. A lay witness can offer opinion testimony that is rationally based on the witness's perception and helpful to clearly understand the witness's testimony or to determine a fact in issue. Tex. R.

4

Evid. 701; *Osbourn v. State*, 92 S.W.3d 531, 535 (Tex. Crim. App. 2002). A trial court should exclude a proffered lay-witness's opinion about what someone else is thinking because such an opinion could never be based on personal knowledge. *Fairow v. State*, 943 S.W.2d 895, 899 (Tex. Crim. App. 1997). However, "[a]n opinion will satisfy the personal knowledge requirement if it is an interpretation of the witness's objective perception of events (i.e. his own senses or experience)." *Id.* (citation omitted). Thus, a witness may possess personal knowledge of facts from which an opinion regarding mental state can be drawn, and the jury is free to weigh that opinion even if it concerns culpable mental state. *Id.* (citation omitted). Once the perception requirement is met, the trial court must determine whether the opinion is rationally based on that perception, meaning it is an opinion that a reasonable person could draw under the circumstances. *Id.* at 900 (citation omitted). The trial court must exclude an opinion not capable of being reasonably formed by the events. *Id.* (citation omitted).

The record shows that Deshotel did not object to James's subsequent statements regarding his speculation concerning what he believed Deshotel's intended actions were, specifically that he believed he was in trouble because Deshotel was not going away. To preserve error, the party must timely object and obtain a ruling from the trial court. *See* Tex. R. App. P. 33.1(a). A party must make a specific objection each time allegedly inadmissible evidence is offered to preserve

5

error. *See Purtell v. State*, 761 S.W.2d 360, 368 (Tex. Crim. App. 1988); *Liggins v. State*, 979 S.W.2d 56, 64 (Tex. App.—Waco 1998, pet. ref'd) (citing *McGlothlin v. State*, 896 S.W.2d 183, 189 n.9 (Tex. Crim. App. 1995)); *see also Hudson v. State*, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984 (noting requirement that when defendant failed to object each time, error is cured when unobjected to evidence is admitted and "nothing was preserved here for review"). Since Deshotel did not object each time the complained of testimony was admitted, evidence of substantially the same facts as those which Deshotel now complains was admitted before the jury without objection. We conclude that the trial court's error, if any, in allowing the admission of the complained of evidence was cured when the same evidence came in later without objection and was thus harmless. *See Purtell*, 761 S.W.2d at 368; *Hudson*, 675 S.W.2d at 511; *Schmidt v. State*, 612 S.W.3d 359, 369 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd) (citing *Coble v. State*, 330 S.W.3d 253, 282 (Tex. Crim. App. 2010) (other citation omitted)); *Liggins*, 979 S.W.2d at 64.

To the extent that Deshotel argues the prosecutor was trying to elicit improper opinion testimony on an ultimate fact, the record shows Deshotel did not object on that basis at trial. *See* Tex. R. App. P. 33.1; *see also* Tex. R. Evid. 704. Deshotel only objected to speculation and obtained an adverse ruling on his objection, which was directed at the lack of personal knowledge under Rule 602. *See* Tex. R. Evid.

6

602 (stating witness may not testify unless sufficient evidence to support finding of personal knowledge of matter). We conclude that Deshotel has failed to preserve this argument for our review. *See Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). We overrule issue one.

In issue two, Deshotel argues that fundamental error occurred when the prosecutor referred to the punishment phase of trial in his argument during the guilt-innocence stage. Deshotel argues that no objection was necessary to preserve this issue because an instruction to disregard could not have cured the error. The State argues Deshotel did not preserve his complaint for our review.

The record shows that Deshotel failed to object to the prosecutor's argument, but now for the first time he complains it was improper. To preserve error, the party who complains must generally demonstrate that he lodged a timely objection to the matter sufficient to notify the trial court of his complaint. Tex. R. App. P. 33.1(a); *Cooks v. State*, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992); *Edwards v. State*, 642 S.W.3d 7, 21 (Tex. App.—Beaumont 2021, pet. ref'd). He must also show the trial court ruled on the objection, unless a ruling is implied and apparent from the record in the appeal. *Edwards*, 642 S.W.3d at 21. The rules requiring that a party preserve error apply even when the argument is one claimed to have been inflammatory and incurable. *See Hernandez v. State*, 538 S.W.3d 619, 622–23 (Tex. Crim. App. 2018) (citing *Estrada v. State*, 313 S.W.3d 274, 303 (Tex. Crim. App. 2010); *Cockrell v.*

*State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996)). Deshotel failed to preserve his complaint about the argument for our review. *See* Tex. R. App. P. 33.1(a). We overrule issue two. Having overruled both of Deshotel's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on December 27, 2022
Opinion Delivered February 22, 2023
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.