**Albert Louis SIMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46863.**

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Kerry P. FitzGerald, Dallas (Court appointed on appeal), for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The offense is possession of a narcotic drug, to-wit, heroin; the punishment, as assessed by the jury, twenty-five (25) years.

Appellant's singular ground of error complains that the "Trial Court committed reversible error in permitting the prosecution to introduce into evidence State's ex hibits numbers one and two, a pistol and a heroin capsule, as said exhibits were the product of an illegal search and seizure of appellant made without probable cause, in violation of appellant's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States; Vernon's Ann.St. Article I, Section 9, of the Constitution of the State of Texas; and Article 38.23, Vernon's Ann.C.C.P."

The record reflects that on the evening of November 11, 1970, officers McDonald and Strebeck of the Dallas Police Department, while on routine patrol, entered the Green Cape Cafe in south Dallas. According to McDonald's testimony, the Green Cape was known to him to be a hangout for narcotic dealers and that it was routinely checked several times during the weekends. Further testimony by these officers established that upon entering the cafe they proceeded toward the back of the building where they observed appellant and another individual talking. McDonald testified that appellant and the other individual were holding their hands in such a manner as would indicate that they might be passing something; however, he was unable to see whether or not anything was passed in fact. He further testified that as they approached the pair, appellant threw his head back upon observing the officers and that immediately appellant and his companion began walking away from

each other. Appellant was stopped by McDonald and "patted down." The "pat down" revealed a .32 caliber pistol in appellant's belt. Appellant was then handcuffed and searched, the search disclosing a capsule in his shirt pocket. Expert testimony at the trial established that the capsule contained heroin.

The State has filed a brief herein urging that this Court need not consider appellant's ground of error since he voluntarily took the stand at the punishment hearing and admitted possession of the pistol and the heroin. We must agree with the State in its assertion. At the punishment hearing during cross-examination of appellant the following occurred:

"Q (Prosecutor) . . . And you had these four rounds of extra ammunition in your pocket in addition to having a full load in that .32 pistol out there, didn't you?

"A Yes, sir, I had four in my pocket."

In regard to the heroin capsule found in appellant's shirt pocket, appellant was asked on direct examination at the punishment hearing the following:

"Q Where did you get this capsule?

"A From a friend."

Appellant's admission of possession of the capsule was tantamount to an admission that he possessed heroin, the capsule having been established to contain heroin by expert testimony. In Palmer v. State, Tex.Cr.App., 475 S.W.2d 797, this Court stated:

"The appellant having voluntarily taken the stand at the penalty stage and admitted having heroin in his possession cannot question the lawfulness of the search wherein the heroin was seized." See also Richardson v. State, Tex.Cr.App., 458 S.W.2d 665 and Boothe v. State, Tex.Cr.App., 474 S.W.2d 219.

The above rationale is likewise applicable to the pistol recovered on appellant's person during the complained of search.

No reversible error being shown, the judgment is affirmed.

Opinion approved by the court.