**John Lee McWHORTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–94–155 CR.**

Court of Appeals of Texas, Beaumont.

Dec. 6, 1995.

Michael C. Abbott, Orange, for appellant.

John D. Kimbrough, County Attorney, Orange, Doneane Beckcom, Assistant County Attorney, Orange, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal from a conviction for the felony offense of Possession of a Controlled Substance. Following the jury's verdict, the trial court assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of fifteen (15) years. Appellant brings forth three points of error for review, *viz:*

Point of Error One: The trial court erred in denying appellant's motion to suppress evidence of cocaine as the product of an illegal search by police and a violation of the appellant's Fourth Amendment rights under the U.S. Constitution, Article I, Section 9 of the Texas State Constitution, Article 38.23 of the Texas Code of Criminal Procedure, and the Federal and Texas Exclusionary Rules.

Point of Error Two: The trial court erred in overruling appellant's timely objections to testimony about evidence of cocaine as the product of an illegal search by police and a violation of the appellant's Fourth Amendment rights under the U.S. Constitution, Article I, Section 9 of the Texas State Constitution, Article 38.23 of the Texas Code of Criminal Procedure, and the Federal and Texas Exclusionary Rules.

Point of Error Three: The trial court erred in denying appellant's request for a special instruction on consent to search and allowing an instruction for a weapons search contrary to the testimony of the State's witness in its stead.

After considering the points of error in light of the record before us it is abundantly clear that the sole issue for appellant during the trial was the legality of the search and subsequent seizure of the contraband in question. This observation is supported by the fact that appellant chose to take the witness stand during the guilt/innocence phase of the trial in his own defense. His trial counsel questioned him on the events surrounding appellant's alleged consent to the search of his person by one of the police officers involved in the traffic stop. However, following appellant's direct examination testimony, the State began its cross-examination with the following:

### CROSS EXAMINATION

*[THE STATE]*

Q. Mr. McWhorter, you're not denying that you had cocaine inside your pants pocket, are you?

A. [Appellant] No.

Q. The cocaine was inside your clothing?

A. Yes.

Q. And you're not denying that you had possession of that cocaine that night, October 4, 1992?

A. Yes.

We find that the above testimony constitutes a judicial admission of guilt to the charged offense. Although the issue discussed in *McGlothlin v. State*, 896 S.W.2d 183, 186 (Tex.Crim.App.1995), involved a judicial admission by a defendant during the *punishment* phase of a trial, *McGlothlin* is not only instructive, but, we believe, controlling:

> Over the years we have developed a doctrine of waiver akin to the doctrine of curative admissibility. *See generally, Maynard v. State*, 685 S.W.2d 60 (Tex.Cr. App.1985); *and*, n. 9, *infra*. Under this doctrine, error occurring at the guilt/innocence phase of the trial is deemed to be waived if the defendant admits his guilt to the charged offense.

  *   *   *   *   *   *

In *DeGarmo v. State*, 691 S.W.2d 657 (Tex.Cr.App.1985), we again addressed the issue of whether a defendant could challenge the sufficiency of the evidence, on appeal, after admitting his guilt to the crime for which he has been convicted. [footnote omitted] At the time of our consideration of *DeGarmo*, the parties agreed that if a defendant did not testify at the guilt stage of the trial, but testified at the punishment stage of the trial, and admitted his guilt, he had, for legal purposes, entered the equivalent of a plea of guilty. The *DeGarmo* Court stated:

> ... The law as it presently exists is clear that such a defendant not only

waives a challenge to the sufficiency of the evidence, *but he also waives any error that might have occurred during the guilt stage of the trial.* [emphasis supplied]

*Id.,* 691 S.W.2d at 661. [footnote omitted]. The Court reaffirmed the doctrine of waiver and overruled DeGarmo's challenge to the sufficiency of the evidence. *Ibid. See also, Palmer v. State,* 475 S.W.2d 797, 798 (Tex.Cr.App.1972); *Sims v. State,* 502 S.W.2d 730, 731 (Tex.Cr.App.1973) (The Court would not consider the lawfulness of a search where defendant admitted possession of heroin)[.]

*McGlothlin,* 896 S.W.2d at 186.

An examination of the *Sims* case reveals that it involved the identical issue of illegal search and seizure as does the instant prosecution. The *Sims* Court made the following finding with regard to the defendant's admission:

In regard to the heroin capsule found in appellant's shirt pocket, appellant was asked on direct examination at the punishment hearing the following:

"Q   Where did you get this capsule?

"A   From a friend."

Appellant's admission of possession of the capsule was tantamount to an admission that he possessed heroin, the capsule having been established to contain heroin by expert testimony. In *Palmer v. State,* Tex.Cr.App., 475 S.W.2d 797, this Court Stated:

"The appellant having voluntarily taken the stand at the penalty stage and admitted having heroin in his possession cannot question the lawfulness of the search wherein the heroin was seized." [citations omitted]

*Sims,* 502 S.W.2d at 731.

The Court in *McGlothlin* recognized criticism of the *DeGarmo* doctrine as being "a harsh rule of law," but explained the doctrine's rationale as follows:

The *DeGarmo* doctrine had been described as a "common-sense rule of procedure," *Bodde v. State,* 568 S.W.2d 344, 348 (Tex. Cr.App.1978), because "the function of trial is to sift out the truth from a mass of

contradictory evidence...." *In re Michael,* 326 U.S. 224, 227, 66 S.Ct. 78, 80, 90 L.Ed. 30 (1945). Stated another way, "The basic purpose of a trial is the determination of truth." *Tehan v. United States,* 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966). [citations omitted] When the defendant testifies and judicially confesses to the charged offense, the purpose of the trial process has been served—the truth has been determined and the purpose of the guilt/innocence phase of the trial has been satisfied. No reversible error should occur where the defendant has satisfied the necessity of the trial process. [footnote omitted]

*McGlothlin,* 896 S.W.2d at 187.

We are unaware of any reason why the *DeGarmo* doctrine, as affirmed by the *McGlothlin* Court, should not be applied to instances where a defendant, for whatever trial strategy purpose, takes the witness stand in the *guilt/innocence* phase of a trial and judicially admits to having committed the offense for which he is on trial. In the instant case, the State's chemist had already testified that the substance recovered from appellant was cocaine with a weight of less than twenty-eight grams. Appellant's subsequent admission of possession of said cocaine results in a waiver of any error that occurred during the guilt/innocence portion of the trial. Appellant has no complaint regarding the punishment phase of the trial. *See McGlothlin,* 896 S.W.2d at 188. Points of error one, two, and three are overruled. The judgment and the sentence of the trial court are affirmed.

AFFIRMED.