Enrique Ramirez DELEON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–94–00958–CR.

Court of Appeals of Texas, Houston (1st Dist.).

June 6, 1996.

Tony Aninao, Houston, for appellant.

John B. Holmes, Jr., S. Elaine Roch, Kate Dolan, Houston, for appellee.

Before COHEN, MIRABAL and ANDELL, JJ.

## OPINION

MIRABAL, Justice.

A jury found appellant guilty of possession of more than 400 grams of cocaine with intent to deliver. The trial court assessed appellant's punishment at 50 years confinement, and a $10,000 fine. Appellant raises seven points of error. We affirm.

All of appellant's points of error relate to alleged trial court error at the guilt phase.[1]

■ Whenever an accused admits his guilt at the *punishment* phase of a criminal trial, any error that might have occurred at the guilt phase is waived. *McGlothlin v. State*, 896 S.W.2d 183, 189 (Tex.Crim.App.1995); *DeGarmo v. State*, 691 S.W.2d 657, 661 (Tex. Crim.App.), *cert. denied*, 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985). Recently, in *McWhorter v. State*, 911 S.W.2d 538 (Tex. App.—Beaumont 1995, no pet.), the Beaumont Court of Appeals applied the same rule where the defendant, on trial for possession of cocaine, admitted his guilt during the *guilt* phase.

In *McWhorter*, following testimony from the State's chemist that the substance recovered from appellant's person was cocaine, McWhorter chose to take the stand. 911 S.W.2d at 540. On cross-examination, he admitted to having had cocaine in his pants pocket on the night in question. *Id.* at 539. The Beaumont court held, first, that this testimony was the equivalent of a judicial admission of guilt to the charged offense. *Id.* The court then invoked *McGlothlin* and *DeGarmo*:

> We are unaware of any reason why the *DeGarmo* doctrine, as affirmed by the *McGlothlin* Court, should not be applied to instances where a defendant, for whatever

trial strategy purpose, takes the stand in the guilt/innocence phase of a trial and judicially admits to having committed the offense for which he is on trial.

*Id.* at 540. Finally, the court held, on the authority of those two cases, that McWhorter's judicial admission during the guilt phase waived all nonjurisdictional error, if any, that had occurred during the guilt phase; and affirmed his conviction. *Id.*

■ *McWhorter* is on all fours with this case. Here, appellant took the stand during the guilt phase of the trial, following incriminating testimony from another witness. The State's confidential informant, Jack Martinez, had already testified concerning the February 25, 1994, drug transaction that gives rise to this prosecution. According to Martinez, he took $18,500 in cash with him and met appellant at appellant's home, to purchase cocaine. Soon afterward, appellant's wife arrived, and gave appellant a one kilogram "brick" of cocaine from her handbag. The three of them then went into the bathroom, where they exchanged the money for the cocaine. Appellant's wife was charged with the same offense as appellant, and they were tried together, each represented by a different counsel. The wife's counsel called appellant as a witness on her behalf. Appellant testified in detail about the offense, admitting his guilt and insisting his wife was not guilty.

As in *McWhorter*, appellant's testimony was a judicial admission of guilt, and waives any nonjurisdictional error which may have occurred in the guilt phase of his trial. In each of his seven points, appellant assigns nonjurisdictional error concerning the guilt phase; all seven points are therefore waived.

Accordingly, we overrule points of error one through seven.

We affirm the judgment.

---

1. Appellant asserts that the trial court committed reversible error by denying his motion for mistrial after the trial court made comments regarding the weight of the evidence in the jury's presence (point one); by limiting his cross-examination of Jack Martinez, the State's confidential informant (points two and three); by admitting evidence of extraneous offenses (points four and five); by refusing to quash the jury panel after one of the veniremen made prejudicial remarks in the presence of the jury (point six); and by refusing his request to instruct the jury at the guilt phase on the issue of probable cause (point seven).