TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00724-CR






Casey Christopher Moss, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0962029, HONORABLE LARRY FULLER, JUDGE PRESIDING






 A jury found appellant guilty of felony driving while intoxicated and assessed punishment
at imprisonment for ten years and a $10,000 fine. Tex. Penal Code Ann. §§ 49.04(a), 49.09(b) (West
Supp. 1998). Appellant raises two points of error complaining that the evidence is insufficient to sustain
his conviction and that his counsel was ineffective. We will overrule these complaints and affirm.

 The second count of the original indictment alleged that appellant drove and operated a
motor vehicle in a public place


while intoxicated, by not having the normal use of mental and physical faculties by reason
of the introduction of alcohol into the body, and by having an alcohol concentration of at
least 0.10, and had previously been convicted of an offense relating to the driving or
operating of a motor vehicle . . . . (1)

 In his first point of error, appellant contends that the State failed to prove that he did not
have the normal use of his mental and physical faculties at the time of the offense. Appellant argues that
the evidence is insufficient because no evidence was introduced to show what appellant's normal,
unintoxicated condition was. Therefore, urges appellant, the jury did not have a basis from which to decide
the question of whether appellant's behavior deviated from his normal behavior. We find this argument
without merit. (2)

 The term "intoxicated" is defined under the Texas Penal Code as "not having the normal
use of mental or physical faculties" due to the use of alcohol. Tex. Penal Code § 49.01(2)(A) (West
1994). Appellant concedes that appellate courts examine the sufficiency of the evidence to show
intoxication by comparing evidence of the defendant's behavior at the time and place of the alleged offense
with the behavior of a normal, unintoxicated person, but argues that such interpretation is incorrect because
it does not take into account persons suffering from physical disabilities who do not have "a reasonable
person's normal use" of their faculties.

 The indictment, which follows the language in section 49.01(2)(A), alleges that appellant
did not have the normal use of his mental and physical faculties. Appellant would have this Court interpret
the allegation to read that appellant did not have his normal use of his faculties. The former allegation
requires only that the State prove that it was appellant's mental and physical faculties, and not those of
some other person, that were impaired; it does not require proof of appellant's normal abilities. To
interpret the definition of "intoxicated" in the manner appellant suggests would not only place an impossible
burden on the State, but would immunize from prosecution those persons who are habitually intoxicated.

 Furthermore, comparing appellant's behavior at the time of the alleged offense with that
of a normal, unintoxicated person does not prohibit the jury from considering evidence that appellant's
mental and physical facilities were impaired by reason of disease or disability. The court of appeals in
Massie v. State, 744 S.W.2d 314 (Tex. App.--Dallas 1988, pet. ref'd), addressed the same argument
raised by appellant in this case and upheld the conviction based on the following reasoning:


If there was evidence that appellant could not use his faculties on the occasion in question,
in the manner in which the normal, non-intoxicated person would be able to use his
faculties, the evidence is sufficient to convict him unless the jury finds that his inability to
perform on that occasion is not due to intoxicants (e.g., diabetes; epilepsy).



Id. at 316.

 On April 13, 1996, Officer James Riley responded to a report of a collision at the
intersection of Great Hills Trail and Loop 360 involving a tan Oldsmobile and a blue Honda. Riley testified
that when he briefly spoke with appellant, the driver of the Oldsmobile, he could smell a strong odor of
alcohol coming from appellant's breath. He testified that appellant swayed when he spoke with Riley and
had to lean against the back of the vehicle. Based on his observations, Riley concluded that appellant was
intoxicated. The arresting officer, John Persohn, testified that appellant appeared intoxicated because he
smelled of alcohol, slurred his speech, had bloodshot eyes, and staggered when he walked. Persohn
testified that based on his observations and appellant's performance on three field sobriety tests, he
determined appellant was intoxicated and placed him under arrest. Two additional witnesses testified that
they saw someone throw a beer bottle out of the passenger side of the Oldsmobile and that appellant
smelled of alcohol. A third witness testified that appellant's walk was unsteady and that he had a "glassy-eyed appearance." When all this evidence is viewed in the light most favorable to the verdict, we find that
a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. 
See Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Joseph v. State, 897 S.W.2d 374, 376 (Tex.
Crim. App. 1995). We hold the evidence is sufficient to establish that at the time and place in question
appellant did not have the normal use of his mental and physical faculties by reason of the introduction of
alcohol into his body. We overrule point of error one.

 In his second point of error, appellant contends that he received ineffective assistance of
counsel because his counsel failed to object to the amendments to the indictment proposed by the State
and granted by the trial court on the day of trial. The standard for proving ineffective assistance of counsel,
established by Strickland v. Washington, 466 U.S. 668 (1984), and adopted by the Texas Court of
Criminal Appeals in Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986), requires the defendant
to show (1) that his counsel's representation fell "below an objective standard of reasonableness under
prevailing professional norms," and (2) that there is "a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different." Ex Parte Walker, 777
S.W.2d 427, 430 (Tex. Crim. App. 1989). Appellant argues that his counsel's failure to object to the
State's amendments, which the trial court granted on the day trial began but before it actually commenced,
waived error on appeal. See Sodipo v. State, 815 S.W.2d 551 (Tex. Crim. App. 1991) (opinion on
rehearing) (trial court reversibly erred by granting, over defendant's objection, State's amendments to
indictment on the day of but before commencement of trial). Had his counsel properly objected, appellant
urges, the trial court's error would require reversal. Compare id. with State v. Murk, 815 S.W.2d 556
(Tex. Crim. App. 1991) (trial court erred in granting State's amendments to indictment on day of trial, but
defendant waived error by failing to object). Therefore, appellant argues but for his counsel's error, this
Court would have to reverse the judgment of conviction pursuant to Murk and Sodipo.

 On the day of trial and before voir dire examination began, the State announced that it was
abandoning or striking certain language from the indictment, including: (1) all of paragraph one relating to
the aggravated assault charge in Count I; (2) the language "and by having an alcohol concentration of at
least 0.10" from the felony driving while intoxicated charge in Count II; and (3) the "1" at the end of the
second cause number of a prior driving while intoxicated conviction listed in the enhancement allegation of
Count II. When Appellant's counsel did not object, the State asked for a waiver of the ten-day response
time under article 28.10 of the Texas Code of Criminal Procedure in case the change in the second prior
conviction listed in the enhancement section of Count II constituted an amendment rather than an
abandonment. Appellant's counsel agreed to the waiver.

 The State argues that the stricken language were not amendments to the indictment, but
rather abandonments of (1) an additional offense, (2) an alternative means of committing an offense, and
(3) surplusage. We need not decide whether the State's modifications to the indictment constituted
amendments or abandonments. The record reveals that appellant's counsel's waiver of the ten-day
response time was informed and purposeful. (3) On this issue, the following exchange took place between
the prosecutor, appellant's counsel, and the court:


[THE PROSECUTOR]: If this is considered an amendment and not an abandonment of
the two things that we did, I also need a waiver from the defendant of his 10 days.


THE COURT: You haven't made new allegations. You have abandoned an allegation. 
So I don't see - -


[THE PROSECUTOR]: My concern is with the cause number here. If that's considered
an amendment instead of abandoning.


THE COURT: Still seems like you're abandoning number one.


[THE PROSECUTOR]: My understanding defense counsel is - -


[APPELLANT'S COUNSEL]: I'll agree.


[THE PROSECUTOR]: You're waiving the 10 days.


[APPELLANT'S COUNSEL]: I'm waiving the 10 days.



 Arguably, the modification of the cause number of the previous conviction was an
amendment to the indictment rather than an abandonment of surplus language. See Sodipo, 815 S.W.2d
at 555. (4) But we decline to assume that an objection to the amendment would have been overruled by the
district court, thereby creating reversible error. Instead, we assume that the court would have overruled
the requested amendment or have given appellant an additional ten days to prepare for trial. Alternatively,
the State, having alleged three previous driving-while-intoxicated convictions rather than the necessary two,
might have abandoned the allegation in question. Appellant has not demonstrated that counsel's failure to
object was error that deprived him of a fair trial. Accordingly, appellant's ineffective-assistance claim fails
under the Strickland test. We overrule point of error two.

 We affirm the judgment of conviction.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Onion*

Affirmed

Filed: May 7, 1998

Do Not Publish



* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. The language, "and by having and alcohol concentration of at least 0.10" was struck from the
indictment without appellant's objection on the day of trial.
2. The State contends that appellant's testimony at the punishment phase constituted a judicial admission
of guilt for the offense of felony driving while intoxicated pursuant to the rule established in DeGarmo v.
State, 691 S.W.2d 657 (Tex. Crim. App.), cert. denied, 474 U.S. 973 (1985). See also McGlothin v.
State, 896 S.W.2d 183, 186 (Tex. Crim. App.) (defendant directly admitted to having sexual intercourse
with a twelve-year-old girl), cert. denied, 116 S.Ct. 219 (1995); Sims v. State, 502 S.W.2d 730 (Tex.
Crim. App. 1973) (defendant admitted having heroin in his possession); Cook v. State, 940 S.W.2d 344
(Tex. App.--Amarillo 1997, pet. ref'd) (defendant apologized for committing crimes for which he was
found guilty); Short v. State, 918 S.W.2d 71 (Tex. App.--Fort Worth) (defendant apologized for
committing offense and admitted fault), pet. dism'd, 929 S.W.2d 13 (Tex. Crim. App. 1996). In this case,
appellant stated that he accepted the jury's verdict, but did not believe that he was intoxicated at the time
of the offense. We do not believe that mere acceptance of the jury's verdict constitutes a judicial
admission. Therefore, the DeGarmo rule does not apply in this case.
3. Indeed, we note that a defendant's counsel's decision not to object to the State's request to amend
the indictment does not automatically constitute ineffective assistance under the Strickland test. Appellant's
counsel made an informed and knowledgeable decision to waive appellant's right to object. We find no
evidence in the record that appellant's counsel improperly waived that right.
4. The abandonment of Count I and of the alternative allegation in Count II were not amendments and
were not objectionable. See Eastep v. State, 941 S.W.2d 130, 135 (Tex. Crim. App. 1997); Holder
v. State, 837 S.W.2d 802, 806 (Tex. App.--Austin 1992, pet. ref'd).



P="BR2">
[APPELLANT'S COUNSEL]: I'll agree.


[THE PROSECUTOR]: You're waiving the 10 days.


[APPELLANT'S COUNSEL]: I'm waiving the 10 days.



 Arguably, the modification of the cause number of the previous conviction was an
amendment to the indictment rather than an abandonment of surplus language. See Sodipo, 815 S.W.2d
at 555. (4) But we decline to assume that an objection to the amendment would have been overruled by the
district court, thereby creating reversible error. Instead, we assume that the court would have overruled
the requested amendment or have given appellant an additional ten days to prepare for trial. Alternatively,
the State, having alleged three previous driving-while-intoxicated convictions rather than the necessary two,
might have abandoned the allegation in question. Appellant has not demonstrated that counsel's failure to
object was error that deprived him of a fair trial. Accordingly, appellant's ineffective-assistance claim fails
under the Strickland test. We overrule point of error two.

 We affirm the judgment of conviction.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Onion*

Affirmed

Filed: May 7, 1998

Do Not Publish



*