**Michael Gene RICHARDSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–95–00225–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 21, 1996.

Published in Part Pursuant
to Tex.R.App.P. 90.

Marcelyn Curry, Houston, for Appellant.

John B. Holmes, Jr., Ernest Davila, Houston, for Appellee.

Before ANDELL, TAFT and FARRIS *, JJ.

* The Honorable David F. Farris, former Justice, Court of Appeals, Second District of Texas at Fort Worth, sitting by assignment.

## OPINION

TAFT, Justice.

Without an agreement regarding punishment, Michael Gene Richardson (appellant) pleaded guilty to the offense of theft from a person and true to enhancement paragraphs alleging prior felony convictions for robbery by assault and burglary of a habitation. The trial court sentenced him to 25–years imprisonment. Appellant claims: there is no evidence to support his conviction; he received ineffective assistance of counsel; his plea of guilty was coerced and otherwise involuntary; and the trial court abused its discretion in denying appellant's motion for new trial. We affirm.

### Scope of Review

A plea of guilty entered voluntarily and understandingly without benefit of a plea bargain agreement waives all nonjurisdictional defects that occurred before the entry of the plea. See Jack v. State, 871 S.W.2d 741, 742–44 (Tex.Crim.App.1994) (explaining Helms rule [1] as waiving only nonjurisdictional defects that occur before entry of plea). Appellant entered a plea of guilty without an agreed recommendation regarding punishment. Thus, our scope of review is limited to those points of error challenging the voluntary and understanding nature of the plea, jurisdictional defects that occurred before the entry of the plea, and matters that occurred after the entry of the plea.

It is clear that three of appellant's five points of error raise matters that were not waived by appellant's plea of guilty: (1) voluntariness of the plea (points three and four)

and (2) denial of motion for new trial (point five).

Point of error one challenges the legal sufficiency of the evidence to support appellant's plea of guilty.[2] Such a challenge is not a jurisdictional defect. See Davis v. State, 870 S.W.2d 43, 47 (Tex.Crim.App.1994) (stating, within context of its holding, that defendant had not raised jurisdictional issue when she attacked the legal sufficiency of evidence to support her conviction); see also Ex parte Williams, 703 S.W.2d 674, 678–83 (Tex.Crim.App.1986) ((1) explaining TEX. CODE CRIM.P.ANN. art. 1.15 (Vernon Supp. 1996) procedural requirement of introducing sufficient evidence to support plea of guilty by contrasting it with constitutional due process requirement that guilt be proved beyond reasonable doubt and (2) holding that article 1.15 defect may not be collaterally attacked). There remains, however, a question whether appellant's challenge is to a matter occurring after the entry of the plea.

In Lyon v. State, the Court of Criminal Appeals held, without explanation or analysis, that the legal insufficiency of the evidence to support the plea of guilty in Davis was a nonjurisdictional defect which occurred after the entry of the plea. Lyon, 872 S.W.2d 732, 735 (Tex.Crim.App.), cert. denied, ___ U.S. ___, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994). There is, however, nothing to prevent the State from introducing its evidence supporting a defendant's plea of guilty before the entry of the plea. While one might normally expect the State to introduce such evidence after the entry of the plea, the judicial confession in this case was filed with the papers of the case before the entry of appellant's plea.[3] Under these cir-

---

1. The Helms rule stated "Where a plea of guilty is voluntarily and understandingly made, all nonjurisdictional defects including claimed deprivation of federal due process are waived." Helms v. State, 484 S.W.2d 925, 927 (Tex.Crim.App. 1972).

2. We note that appellant does not challenge the propriety of the trial court's receipt of his plea based on a failure to comply with the requirements of TEX.CODE CRIM.P.ANN. art. 1.15 (Vernon Supp.1996) ("[I]t shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its

judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same."). The trial court's receipt of the plea would necessarily be a matter occurring after the entry of the plea. Appellant's point of error explicitly asserts there was no evidence to support appellant's plea of guilty, i.e., the State failed to introduce legally sufficient evidence to support the plea.

3. This Court has held that a document containing a judicial confession, like the one in this case which was filed with the district clerk, was legally sufficient for purposes of article 1.15 to support a plea of guilty even though the confession

cumstances, point of error one does not raise a matter occurring *after* the entry of the plea. Accordingly, we overrule point of error one as being outside the scope of our review.

■ Point of error two, raising ineffective assistance of counsel, complains of ineffectiveness occurring both before and after the entry of the plea. Ineffective assistance of counsel is not a jurisdictional defect. *Lyon*, 872 S.W.2d at 736. Therefore, apart from allegations of ineffective assistance of counsel that affect appellant's challenge to the voluntariness of his plea (which are addressed in points three and four), we are constrained to review only those allegations of ineffective assistance of counsel in point of error two that occurred after entry of appellant's plea of guilty. We decline to address allegations of ineffective assistance of counsel that occurred before the entry of the plea as part of point of error two.

The remainder of this opinion does not meet standards for publication pursuant to Tex.R.App.P. 90(c) and thus is ordered not published.

We affirm the trial court's judgment.

was not introduced into evidence and made an exhibit to the statement of facts. *Rexford v. State*, 818 S.W.2d 494, 495–96 (Tex.App.—Houston [1st Dist.]), *pet. ref'd per curiam*, 823 S.W.2d 296 (Tex.Crim.App.1991); *see Pitts v. State*, 916 S.W.2d 507, 508–09 (Tex.Crim.App.1996) (holding judicial confession admitted into evidence and filed with trial clerk may be brought to appellate court as part of transcript). Appellant has not provided this Court with a statement of facts from the plea proceeding, so we cannot conclude that a confession, either oral or written, was not properly admitted into evidence. *See* Tex.R.App.P. 50(d) (burden on appellant to see that sufficient record is presented to show error requiring reversal). This would constitute a sufficient reason to overrule appellant's first point of error even if it were within our scope of review.