**Forrest Baxter WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–95–00974–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

June 19, 1997.

---

Rosa A. Eliades, Houston, for Appellant.

John B. Holmes, Kimberly Aperauch Stelter, Houston, for Appellee.

Before TAFT, COHEN and O'CONNOR, JJ.

## OPINION

TAFT, Justice.

Appellant, Forrest Baxter Williams, was charged in two paragraphs with engaging in organized crime and theft, with two enhancement paragraphs alleging prior convictions for burglary and securing execution of a doc-

ument by deception. The State abandoned the first and fourth paragraphs, and appellant pled no contest to theft, without an agreed recommendation, and entered a plea of true to the burglary enhancement. The trial court ordered a pre-sentence investigation (PSI) report and held a PSI hearing. The trial court found appellant guilty, found the enhancement paragraph true, and sentenced appellant to 11–years imprisonment. Appellant claims: (1) the evidence is legally and factually insufficient to support a conviction for theft on his plea of no contest; (2) the trial court abused its discretion in finding him guilty; (3) he was denied effective assistance of counsel based on a conflict with counsel; and (4) the trial court erred in denying a hearing on defense counsel's motion to withdraw. We affirm.

## Facts

This offense was part of a scheme in which appellant solicited donations for the 100 Club to help the families of slain peace officers and to finance the D.A.R.E. program by claiming to work for the Texas Narcotics Officers Association (T.N.O.A.). A wary solicitee contacted the Houston Police Department. An investigation determined that the T.N.O.A. did not authorize the solicitations. A sting operation was set up where a police officer posed as the wary solicitee and gave a courier a $1000 cashier's check payable to T.N.O.A. The courier was followed to appellant's apartment. A search warrant was obtained, and the operation was raided. The $1000 cashier's check was found in appellant's desk drawer.

## Sufficiency of the Evidence

In appellant's first and second points of error, he contends the evidence is legally and factually insufficient to prove theft of money. Appellant claims the State did not present sufficient evidence showing his guilt, as required by article 1.15 of the Code of Criminal Procedure.[1] TEX.CODE CRIM. PROC.

1. Both parties treat sufficiency of the evidence to support a judgment pursuant to a plea of no contest, as required by article 1.15 of the Code of Criminal Procedure, the same as sufficiency of the evidence to support a judgment in a contest-ed trial. We have also previously stated that the same standard of review applies to sufficiency of the evidence in the plea of guilty situation. See Burger v. State, 920 S.W.2d 433, 435 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd). However,

ANN. art. 1.15 (Vernon 1977). Specifically, appellant argues proof of theft of a cashier's check is at variance with an allegation of theft of money.

As a threshold issue, the State argues appellant's waiver of a court reporter at the plea hearing prevents this Court from having an adequate record to review the sufficiency of the evidence. We have previously held that when an appellant does not provide a statement of facts from the plea hearing it is a sufficient reason to overrule a challenge to the sufficiency of the evidence in a plea proceeding. *Richardson v. State*, 921 S.W.2d 359, 360–61 n. 3 (Tex.App.—Houston [1st Dist.] 1996, no pet.). Similarly, in a court trial to which article 1.15 applied, we held that, in the absence of a statement of facts, we must presume there was sufficient evidence to sustain and support the judgment. *Blacklock v. State*, 820 S.W.2d 882, 884 (Tex. App.—Houston [1st Dist.] 1991, no pet.).

■ We hold that in order to challenge the sufficiency of the evidence to support a judgment based on a plea of guilty or no contest, a defendant must bring forward a full statement of facts, including a transcription of the plea proceedings. Accordingly, we overrule appellant's first and second points of error.

### Abuse of Discretion Finding Appellant Guilty

In appellant's third point of error, he contends the trial court abused its discretion in finding him guilty. Appellant relies on allegedly exculpatory evidence contained in the PSI. Appellant acknowledges the trial court had no duty to withdraw appellant's plea of guilty, but claims the trial court should have found appellant not guilty because the cashier's check did not constitute money until it was cashed.

We interpret appellant's third point of error as raising another challenge to the sufficiency of the evidence. For the same reason stated in resolving points of error one and two, we overrule appellant's third point of error.

### Ineffective Assistance of Counsel

In appellant's fourth point of error, he complains of ineffective assistance of counsel based on an actual conflict of interest. In his fifth point of error, he complains the trial court erred in not holding a hearing on his trial counsel's motion to withdraw based upon a conflict of interest. Appellant does not complain about any specific acts or omissions by his trial counsel. Instead, he contends a conflict of interest existed between him and his trial counsel because appellant filed a grievance against his trial counsel with the state bar association. Appellant contends that this created an actual conflict of interest as a matter of law. *See Garner v. State*, 864 S.W.2d 92, 99 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd).

■ The only complaint about a conflict of interest with trial counsel was made approximately six months before appellant entered his guilty plea. Neither appellant nor trial counsel complained at the time of entering the plea or at the PSI hearing. Trial counsel appeared to vigorously represent appellant at the PSI hearing. Therefore, we presume any actual conflict was resolved before appellant entered his plea of no contest.

■ Moreover, ineffective assistance of counsel claim is not a jurisdictional defect. *Richardson*, 921 S.W.2d at 360. A plea of guilty or no contest entered voluntarily and knowingly without a plea bargain agreement waives all non-jurisdictional defects that occurred before the entry of the plea. *Id.* We

the Court of Criminal Appeals has used language reflecting a different standard of review. *See Stone v. State*, 919 S.W.2d 424, 427 (Tex.Crim. App.1996) ("the stipulated testimony of the witnesses *embraced every element of the offense charged* and was adequate to support appellant's plea and the finding of guilt") (emphasis added). The Fifth Court of Appeals has held that the usual legal sufficiency of the evidence standard of review does not govern sufficiency of the evidence for purposes of article 1.15. *See Wright v.*

*State*, 930 S.W.2d 131, 132 (Tex.App.—Dallas 1996, no pet.) (utilizing the "embrace every essential element" language). Because of our resolution of appellant's points of error, the issue is not before us. Nevertheless, we note the issue so as not to perpetuate the notion that there is agreement that legal and factual sufficiency are proper standards for reviewing evidence to support a judgment pursuant to article 1.15 of the Code of Criminal Procedure.

decline to address the ineffective assistance of counsel claim and the trial court's denial of a hearing on the motion because they are non-jurisdictional defects that occurred before appellant entered his plea. *See id.* We overrule points of error four and five.

**Conclusion**

We affirm the trial court's judgment.