**Shedrick Dequincy LEMONS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–96–391–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 21, 1997.

John A. George, Fly & Moeller, Victoria, for appellant.

Michael A. Sheppard, Dist. Atty., Robert C. Lassmann, Asst. Dist. Atty., Cuero, for appellee.

Before SEERDEN, C.J., and CHAVEZ and RODRIGUEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Shedrick Dequincy Lemons, appellant, pleaded guilty to burglary of a habitation[1] without the benefit of a plea bargain. The trial court sentenced appellant to five years deferred adjudication and ordered him to pay a $250 fine. Approximately one year later, the trial court granted the State's motion to adjudicate appellant's guilt, revoked probation, and sentenced appellant to five years imprisonment. In his sole point of error, appellant argues that the evidence was legally and factually insufficient to support a finding of guilt on the burglary charge. We affirm.

■ A voluntary and understanding guilty plea entered without the benefit of a plea bargain waives all nonjurisdictional defects that occurred before the entry of the plea. *Jack v. State,* 871 S.W.2d 741, 742–44 (Tex.Crim.App.1994)(explaining *Helms v. State,* 484 S.W.2d 925 (Tex.Crim.App.1972)). Appellant entered a plea of guilty without the benefit of a plea bargain. Therefore, our review is limited to the voluntary and understanding nature of the plea, jurisdictional defects that occurred before the entry of the plea, and matters that occurred after the entry of the plea. *Richardson v. State,* 921 S.W.2d 359, 360 (Tex.App.—Houston [1st Dist.] 1996, no pet.).

In his sole point of error, appellant argues that the trial court erred in finding the evidence legally and factually sufficient to support a finding of guilt on the offense of burglary in contravention of the require-

ments of article 1.15 of the Code of Criminal Procedure.[2] Specifically, appellant asserts that the State failed to prove ownership of the habitation which was the subject of the burglary. *See Cook v. State,* 741 S.W.2d 928, 936 (Tex.Crim.App.1987); *Araiza v. State,* 555 S.W.2d 746 (Tex.Crim.App.1977). In support of this contention, appellant points to a discrepancy between relevant portions of the indictment and appellant's voluntary statement. The indictment charges appellant with entering a habitation owned by Elba Bailey. Appellant's voluntary statement given to the police, however, admits only to entering a trailer belonging to Mary Armstrong. This discrepancy, appellant argues, renders the evidence insufficient to substantiate his guilt.

■ When conducting a legal sufficiency analysis, we view the evidence in the light most favorable to the verdict to determine whether a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Williams v. State,* 937 S.W.2d 479, 482 (Tex.Crim.App.1996). In reviewing the factual sufficiency of the evidence, we must determine whether the verdict is so contrary to the overwhelming weight of evidence as to be clearly wrong and unjust. *Clewis v. State,* 922 S.W.2d 126 (Tex.Crim. App.1996); *Meador v. State,* 941 S.W.2d 156, 161 (Tex.App.—Corpus Christi 1996, pet. ref'd).

■ As appellant correctly points out, the State must offer evidence demonstrating guilt even though appellant pleaded guilty. TEX.CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp.1997). Appellant also correctly states that the entry of a guilty plea itself does not constitute evidence and amounts to nothing more than an acknowledgment of the facts charged. *Garza v. State,* 878 S.W.2d 213,

1. TEX. PENAL CODE ANN. § 30.02 (Vernon 1994 & Supp.1997).

2. TEX.CODE CRIM PROC. ANN. art. 1.15 provides that "[I]t shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no

event shall a person charged be convicted upon his plea without sufficient evidence to support the same." As noted in *Richardson,* a challenge based on a failure to comply with the requirements of article 1.15 is a challenge based on a matter occurring after the entry of the plea. *Richardson,* 921 S.W.2d at 360.

216 (Tex.App.—Corpus Christi 1994, pet. ref'd).

 Although it is not raised by either party, our review of the record reveals that appellant's only point of error has been waived by appellant's testimony during the punishment phase of his trial. *See DeGarmo v. State,* 691 S.W.2d 657 (Tex.Crim.App. 1985). Under the *DeGarmo* doctrine, whenever an accused admits his guilt at the punishment phase of a criminal trial, any error that might have occurred at the guilt-innocence phase of his trial is waived. *McGlothlin v. State,* 896 S.W.2d 183, 189 (Tex.Crim. App.1995). This includes a waiver of all potential sufficiency of the evidence points of error. *DeGarmo,* 691 S.W.2d at 661; *Cook v. State,* 940 S.W.2d 344, 349 (Tex.App.—Amarillo 1997, pet. refused). Originally, *DeGarmo* and its progeny addressed situations wherein a defendant pleaded not guilty, was convicted, and subsequently admitted guilt during the punishment phase. It has since been extended to encompass cases wherein the defendant admits his guilt during the guilt-innocence phase. *See Deleon v. State,* 925 S.W.2d 295, 296 (Tex.App.—Houston [1st Dist.] 1996, no pet.); *McWhorter v. State,* 911 S.W.2d 538, 540 (Tex.App.—Beaumont 1995, no pet.). The doctrine also applies where, as here, the defendant pleads guilty and subsequently admits his guilt during the punishment phase. *Hoffman v. State,* 922 S.W.2d 663, 672 (Tex.App.—Waco 1996, pet. ref'd); *Lopez v. State,* 852 S.W.2d 695, 697 (Tex. App.—Corpus Christi 1993, no pet.).

 As noted above, appellant pleaded guilty to a charge of burglary of a habitation. During the punishment phase, appellant took the stand in an attempt to mitigate his punishment. The following exchange occurred:

> Prosecutor: Shedrick, you admit that on January 12th of 1995, that you broke into a trailer home that's owned by Elba Bailey, but I believe the Armstrong's live there?
>
> Appellant: Yes, sir.
>
> Prosecutor: And you took a Super Nintendo game out of there. Is that right?
>
> Appellant: Yes.
>
> Prosecutor: And you sold that to Edward Rosales for $20.00. Is that right?
>
> Appellant: Yes

In context, we find that appellant has admitted his guilt to the specific crime charged in the indictment. Therefore, we hold that this admission effectively waives appellant's right to contest the legal sufficiency of the evidence to support his guilt. *McGlothlin,* 896 S.W.2d at 189; *DeGarmo,* 691 S.W.2d at 661. Furthermore, the waiver doctrine applies to preclude appellant's factual sufficiency complaint. *Hoffman,* 922 S.W.2d at 672.

 Notwithstanding appellant's waiver of any insufficiency challenges, the evidence is sufficient to support his conviction. During the trial, the State offered into evidence, without objection, a police report, a voluntary statement to the police, and appellant's judicial confession. In his judicial confession, appellant swears:

> Under oath, in writing and in open Court, I swear that I have read the indictment/information in this case, that I understand everything that it contains and that I am guilty of all allegations made in the indictment/information as well as any lesser included offenses.

The indictment charges appellant with burglary of a residence owned by Elba Bailey. It is a settled point of law that a judicial confession *standing alone* is sufficient to sustain a conviction upon a guilty plea even if the defendant does nothing more than affirm that the allegations in the indictment are true and correct. *Dinnery v. State,* 592 S.W.2d 343, 353 (Tex.Crim.App.1979); *Adam v. State,* 490 S.W.2d 189, 190 (Tex.Crim.App. 1973); *Jones v. State,* 857 S.W.2d 108, 111 (Tex.App.—Corpus Christi 1993, no pet.).

In addition, evidence linking appellant to the burglary can be gleaned from appellant's voluntary statement given to the police and the accompanying police report. In the statement to the police, appellant states that he entered Mary Armstrong's trailer, unhooked a Nintendo game and sold it to Edward Lee Rosales for $20. In the police report, Officer Linn reported that Rosales informed Linn that he (Rosales) had indeed bought a Nintendo game from appellant for $20. The report also reveals that Elba Bai-

ley's description of the stolen property matched the recovered equipment.

Additionally, despite appellant's argument that his voluntary statement does not implicate him in the burglary of the home of Elba Bailey (as charged in the indictment), we find sufficient evidence in support of appellant's guilt as charged. First, the record reveals that Elba Bailey resides at the same address as Mary Armstrong. Second, as pointed out above, the indictment to which appellant confessed his guilt, lists the homeowner as Elba Bailey.

We find this evidence, when viewed under the proper standards, both legally and factually sufficient to support appellant's conviction for burglary as charged under the indictment.

In light of all the above, appellant's sole point of error is overruled, and the judgment of the trial court is affirmed.