TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00486-CR







Ricardo Jaimes, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY


NO. 456207, HONORABLE DAVID PURYEAR, JUDGE PRESIDING







 Appellant Ricardo Jaimes appeals his conviction of the offense of driving and operating a
motor vehicle in a public place while intoxicated. See Tex. Penal Code Ann. § 49.04 (West 1994 & Supp.
1998). The trial court assessed appellant's punishment at confinement in the county jail for 120 days and
a fine of $2,000. Imposition of the sentence was suspended and appellant was placed on community
supervision for two years and $1,600 of the fine was probated. In his only point of error, appellant asserts
that the trial court erred in denying his motion to suppress evidence. We will overrule appellant's point of
error and affirm the trial court's judgment.

 Appellant's specific complaint is that the trial court erred in denying his motion to suppress
because his "arrest was made illegally by a private citizen without probable cause that a breach of the peace
was occurring and in violation of article 38.23 of the Texas Code of Criminal Procedure." Appellant states
in his brief that he "pled no contest on a negotiated plea." However, the record fails to show whether or
not there was a negotiated plea bargain. Neither the judgment nor the "plea form" shows there was a
negotiated plea bargain and a statement of facts of the trial is not in the appellate record. The only
statement of facts in the record is that of the motion to suppress hearing. Assuming a negotiated plea
bargain as claimed by appellant in his brief, appellant's appeal is not properly before us.

 Appellant filed two written motions moving that the trial court suppress evidence for the
reason that appellant was unlawfully arrested by "law enforcement officers lack[ing] probable cause to
arrest defendant." After the evidence was heard on the motions to suppress, appellant's counsel stated,
"I can stipulate that I think the police officers came to the scene and they did all the appropriate things to
see whether or not he was--probable cause for a DWI," thus waiving the issues raised in the written
motions to suppress. At the same time, counsel orally stated: "Your Honor, the motion to suppress is
really going on the juvenile detention person [the private citizen who it was agreed was not a law
enforcement officer] and for purposes of the arrest."

 The issue on which appellant seeks review, the alleged unlawful citizen's arrest of appellant,
was not raised by a written motion to suppress filed prior to trial. The issue raised is nonjurisdictional and
the trial court did not give permission for the appellant to appeal. In these circumstances, appellant's
appeal is not authorized. See Tex. R. App. P. 40(b)(1) in effect at the time notice of appeal was given;
now Tex. R. App. P. 25.2(b). Appellant's general notice of appeal does not confer appellate jurisdiction
on this Court. See Davis vs. State, 870 S.W.2d 43, 46-47 (Tex. Crim. App. 1994). If the appellate
record showed a negotiated plea bargain, we would dismiss the appeal because of lack of jurisdiction.

 However, because the record does not show appellant's nolo contendere plea was entered
pursuant to a negotiated plea bargain, we will entertain the appeal. A nonnegotiated guilty or nolo
contendere plea is conclusive as to the defendant's guilt and waives all nonjurisdictional defects occurring
prior to the guilty or nolo contendere plea. See Lewis v. State, 911 S.W.2d 1, 4-5 (Tex. Crim. App.
1995); Jack v. State, 871 S.W.2d 741, 742-44 (Tex. Crim. App. 1994); Lemons v. State, 953 S.W.2d
825, 827 (Tex. App.--Corpus Christi 1997, no pet.). Appellant makes no complaint that his nolo
contendere plea was not voluntary or understandingly made. Appellant waived review of the
nonjurisdictional issue raised on appeal by entering a nonnegotiated nolo contendere plea. We overrule
appellant's point of error.

 The trial court's judgment is affirmed.



 

 Carl E. F. Dally, Justice 

Before Justices Jones, B. A. Smith and Dally*

Affirmed

Filed: April 9, 1998

Do Not Publish



* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



he sentence was suspended and appellant was placed on community
supervision for two years and $1,600 of the fine was probated. In his only point of error, appellant asserts
that the trial court erred in denying his motion to suppress evidence. We will overrule appellant's point of
error and affirm the trial court's judgment.

 Appellant's specific complaint is that the trial court erred in denying his motion to suppress
because his "arrest was made illegally by a private citizen without probable cause that a breach of the peace
was occurring and in violation of article 38.23 of the Texas Code of Criminal Procedure." Appellant states
in his brief that he "pled no contest on a negotiated plea." However, the record fails to show whether or
not there was a negotiated plea bargain. Neither the judgment nor the "plea form" shows there was a
negotiated plea bargain and a statement of facts of the trial is not in the appellate record. The only
statement of facts in the record is that of the motion to suppress hearing. Assuming a negotiated plea
bargain as claimed by appellant in his brief, appellant's appeal is not properly before us.

 Appellant filed two written motions moving that the trial court suppress evidence for the
reason that appellant was unlawfully arrested by "law enforcement officers lack[ing] probable cause to
arrest defendant." After the evidence was heard on the motions to suppress, appellant's counsel stated,
"I can stipulate that I think the police officers came to the scene and they did all the appropriate things to
see whether or not he was--probable cause for a DWI," thus waiving the issues raised in the written
motions to suppress. At the same time, counsel orally stated: "Your Honor, the motion to suppress is
really going on the juvenile detention person [the private citizen who it was agreed was not a law
enforcement officer] and for purposes of the arrest."

 The issue on which appellant seeks review, the alleged unlawful citizen's arrest of appellant,
was not raised by a written motion to suppress filed prior to trial. The issue raised is nonjurisdictional and
the trial court did not give permission for the appellant to appeal. In these circumstances, appellant's
appeal is not authorized. See Tex. R. App. P. 40(b)(1) in effect at the time notice of appeal was given;
now Tex. R. App. P. 25.2(b). Appellant's general notice of appeal does not confer appellate jurisdiction
on this Court. See Davis vs. State, 870 S.W.2d 43, 46-47 (Tex. Crim. App. 1994). If the appellate
record showed a negotiated plea bargain, we would dismiss the appeal because of lack of jurisdiction.

 However, because the record does not show appellant's nolo contendere plea was entered
pursuant to a negotiated plea bargain, we will entertain the appeal. A nonnegotiated guilty or nolo
contendere plea is conclusive as to the def