Christian Jamaal Seabrook a/k/a Christian J. Seabrook

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-486-CR

CHRISTIAN JAMAAL SEABROOK APPELLANT

A/K/A CHRISTIAN J. SEABROOK

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Christian Jamaal Seabrook entered an open plea of guilty to the offense of attempted sexual assault.  The trial court found Seabrook guilty and sentenced him to ten years’ confinement.  In a single issue on appeal, Seabrook claims that the State failed to introduce evidence into the record in violation of article 1.15 of the Texas Code of Criminal Procedure. 
 Tex. Code Crim. Proc. Ann.
 art. 1.15 (Vernon Supp. 2003).  Specifically, Seabrook complains that the record on appeal does not indicate that the alleged complainant, Leticia Martinez, was ever identified.

The record before us does not contain a reporter’s record from the plea hearing.  The clerk’s record, however, contains a waiver of rights executed by Seabrook waiving, under code of criminal procedure article 1.14, “all rights given to me by law, whether of form, substance, or procedure.”  
Id.
 art. 1.14. We construe this waiver as a waiver of Seabrook’s right to have a court reporter make a record of the plea proceedings.

Without a transcription of the plea proceedings, we cannot review whether the State introduced evidence at the plea proceeding, and we must presume there was sufficient evidence to sustain and support the judgment. 
See 
Tex. R. App. P.
 34.6(c)(5) (requiring that if sufficiency complaint is raised in criminal case, record “must
” 
include all evidence); 
Allison v. State, 
618 S.W.2d 763, 765 (Tex. Crim. App. [Panel Op.] 1981) (holding that without statement of facts from plea hearing, court could not determine whether transcript constituted all evidence presented to trial court); 
McDougal v. State,
 No. 02-02-00281-CR, slip op. at 4-5, 2003 WL 1777331, at *2 (Tex. App.—Fort Worth Apr. 3, 2003, pet. filed) (holding defendant failed to bring forward sufficient record to support his challenge to sufficiency of evidence when he waived right to have plea proceeding recorded); 
Williams v. State
, 950 S.W.2d 383, 385 (Tex. App.—Houston [1
st
 Dist.] 1997, pet. ref’d) (holding lack of statement of facts from plea hearing is sufficient reason to overrule sufficiency challenge); 
see also Bauge v. State
, No. 01-99-00182-CR, slip op. at 4-5, 2000 WL 730668, at *2 (Tex. App.—Houston [1
st
 Dist.] June 8, 2000, pet. ref’d) (not designated for publication) (same).  We overrule Seabrook’s sole point.  We affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: DAY, LIVINGSTON, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: June 5, 2003

FOOTNOTES
1:
See 
Tex. R. App. P
. 47.4.