NO.
12-07-00001-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

ROBERT LEE MENEFEE,            §                      APPEAL FROM THE SEVENTH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

PER CURIAM

            Robert Lee
Menefee appeals his conviction for possession with intent to deliver a
controlled substance, namely cocaine. 
Appellant’s counsel filed a brief in compliance with Anders v.
California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and Gainous
v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  Appellant filed a pro se brief.  After conducting our own review, we abate
this case and remand for the appointment of new counsel.

 

Background

            Appellant
was charged by indictment for possession with intent to deliver a controlled
substance, namely cocaine, in an amount of one gram or more but less than four
grams, including any adulterants and dilutants.[1]








 
The indictment also alleged that Appellant committed the offense within
1,000 feet of a premises owned, rented, or leased by an institution of higher
learning, or within a drug free zone.[2]  Further, the indictment alleged that prior to
the commission of the offense, Appellant was convicted of the felony offense of
possession of a controlled substance.[3]

            On
October 2, 2006, Appellant entered an “open” plea of guilty to the offense
charged in the indictment.  Appellant and
his counsel signed an acknowledgment of admonishments, a waiver of jury trial,
an agreement to stipulate testimony, and a stipulation of evidence in which
Appellant swore that such stipulation constituted the evidence in the
case.  Appellant also pleaded “true” to
the prior felony conviction enhancement paragraph.  The trial court adjudged Appellant guilty of
possession with intent to deliver a controlled substance.  After a sentencing hearing on
December 1, the trial court found that Appellant committed the offense
within a drug free zone as alleged in the indictment, and found Appellant’s
prior felony conviction “true” as alleged in the indictment.  The trial court assessed Appellant’s
punishment at fifty-six years of imprisonment and a $10,000 fine. This appeal
followed.

 

Analysis
pursuant to Anders v. California

            Appellant’s
counsel filed a brief in compliance with Anders and Gainous,
stating that he has diligently reviewed the appellate record and is of the
opinion that the record reflects no reversible

error and that there is no error upon
which an appeal can be predicated.  From
our review of counsel’s brief, it is apparent that he is well acquainted with
the facts in this case.  In compliance
with Anders, Gainous, and High v. State,
573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel’s brief presents a
chronological summation of the procedural history of the case and further
states that counsel is unable to raise any meritorious issues for appeal.  As required by Stafford v. State,
813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant’s counsel has moved for
leave to withdraw.  We carried the motion
for consideration with the merits of the appeal. 

            Appellant
filed a pro se brief in which he raises two issues.  He argues that his counsel rendered
ineffective assistance for failing to interview a material witness and by
intentionally and willfully withholding evidence.  Further, he contends that the judge who
issued the search warrant in this case had a conflict of interest and should
have been disqualified, rendering the search warrant invalid. 

            After
reviewing the record, we conclude that it contains at least one arguable issue
for appeal. Section 481.112 of the Texas Health and Safety Code states that a
person commits an offense if he knowingly possesses with intent to deliver a
controlled substance.  See Tex. Health & Safety Code Ann. §
481.112(a).  However, the stipulation of
evidence signed by Appellant and his counsel stated that, on January 26, 2006,
he “did then and there with intent to deliver, a controlled substance, namely,
cocaine, in an amount of one (1) gram or more but less than four (4) grams,
including any adulterants and dilutants.” 
Specifically, the word “possess” was not included in Appellant’s
stipulation of evidence. 

            According
to article 1.15 of the Texas Code of Criminal Procedure, no person can be
convicted of a felony except upon the verdict of a jury duly rendered and
recorded, unless he, upon entering a plea, has in open court in person waived
his right of trial by jury in writing.  Tex. Code Crim. Proc. Ann. art. 1.15
(Vernon 2005).  However, article 1.15
also states that it is necessary for the State to introduce evidence into the
record showing the guilt of the defendant and “in no event shall a person
charged be convicted upon his plea without sufficient evidence to support the
same.”  Id. This evidence
may be stipulated if the defendant consents in writing.  Id.  When the State introduces evidence, an
appellate court affirms the trial court’s judgment under article 1.15 if the
evidence introduced embraces every essential element of the offense charged and
is sufficient to establish the defendant’s guilt.  Breaux v. State, 16 S.W.3d 854, 857
(Tex. App.–Houston [14th Dist.] 2000, pet. ref’d) (citing Stone v. State,
919 S.W.2d 424, 427 (Tex. Crim. App. 1996)); Wright v. State, 930
S.W.2d 131, 132 (Tex. App.–Dallas 1996, no pet.).  But see Williams v. State, 950
S.W.2d 383, 384 n.1 (Tex. App.–Houston [1st Dist.] 1997, pet. ref’d)
(acknowledging a lack of consensus on the standard for reviewing evidence to
support a judgment pursuant to article 1.15 of the Texas Code of Criminal
Procedure); Burger v. State, 920 S.W.2d 433, 435 (Tex. App.–Houston
[1st Dist.] 1996, pet. ref’d) (using the Jackson v. Virginia legal
sufficiency standard to review the sufficiency of the stipulated evidence).

            Although
a plea of guilty is an admission of guilt of the offense charged, it does not
authorize a conviction in a bench trial upon such plea unless there is evidence
offered to support the plea and the judgment to be entered.  Dinnery v. State, 592 S.W.2d 343, 351
(Tex. Crim. App. 1979).  A judicial
confession, standing alone, is sufficient to sustain a conviction upon a guilty
plea and to satisfy the requirements of article 1.15.  Id. at 353.  However, if a stipulation does not support a
defendant’s guilty plea, a court must determine if there is other evidence to
support the guilty plea. Id. at 352.  If a defendant testifies that he has read the
indictment and that it is “true and correct” or that the allegations in the
indictment are “true and correct,” this testimony constitutes a judicial
admission of the offense charged and is sufficient to support a guilty
plea.  Id. at 352-54.

            At
the hearing on his guilty plea, Appellant simply pleaded guilty to the “charge
in the indictment.”  Appellant did not
testify, did not state that he had read the indictment, and was not asked if
the allegations in the indictment were true and correct.  See Dinnery, 592 S.W.2d at 352-54.
In fact, nowhere did Appellant stipulate or testify that the allegations in the
indictment were true and correct. 
Appellant’s stipulation, the only evidence contained in the record to
support his conviction, omitted an essential element of the
offense-possession.  Thus, we conclude
that the lack of evidence to support Appellant’s plea and the judgment to be
entered presents an arguable issue for appeal. 
See Bledsoe v. State, 178 S.W.3d 824, 827 (Tex.
Crim. App. 2005). 

 

Conclusion

            As
required by Stafford, Appellant’s counsel has moved for leave to
withdraw.  We carried the motion for
consideration with the merits of the appeal. 
Having done so, Appellant’s counsel’s motion for leave to withdraw is
hereby granted. 

            We
abate the appeal and remand the case to the trial
court.  We order the trial
court to appoint new counsel to represent Appellant, review the record, and
file a brief on the merits for Appellant.  See Guerrero v. State, 64 S.W.3d
436, 441 (Tex. App.–Waco 2001, no pet.) (citing Penson v. Ohio,
488 U.S. 75, 83-84, 109 S. Ct. 346, 351-52, 102 L. Ed. 2d 300, 310-11
(1988)).  We further order
the trial court to inform this court in writing of the identity of Appellant’s
new counsel and the date counsel is appointed. 
Appellant’s brief will be due thirty days after the trial court makes
the appointment.  The State’s brief will
be due thirty days after the Appellant’s brief is filed.

 

Opinion
delivered March 26, 2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] See Tex.
Health & Safety Code Ann. § 481.112 (a) (Vernon 2003).  An offense under subsection (a) is a second
degree felony if the amount of the controlled substance to which the offense
applies is, by aggregate weight, including adulterants or dilutants, one gram
or more but less than four grams.  Tex. Health & Safety Code Ann. §
481.112 (c) (Vernon 2003).





[2] An offense otherwise punishable as a second
degree felony under section 481.112 is punishable as a first degree felony if
it is shown that the offense was committed in, on, or within 1,000 feet of
premises owned, rented, or leased by an institution of higher learning.  See Tex.
Health & Safety Code Ann. § 481.134 (b)(1) (Vernon Supp. 2007).





[3] If it is shown on the trial of a first degree
felony that the defendant has been once before convicted of a felony, on
conviction he shall be punished by imprisonment for life, or for any term of
not more than ninety-nine years or less than fifteen years and, in addition, a
fine not to exceed $10,000.  See Tex. Penal Code Ann. § 12.42(c)(1)
(Vernon 2003).