Opinion issued August 12, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00704-CR

———————————

MARCO ANTONIO SANCHEZ, Appellant

V.

State of
Texas, Appellee



 



 

On Appeal from the 182nd District Court

Harris County, Texas



Trial Court Case No. 1136294

 



MEMORANDUM OPINION

          Marco
Antonio Sanchez pled guilty to the state jail felony of theft without entering
into a plea agreement with the State.  See Tex.
Penal Code Ann. § 31.03(a) (Vernon Supp. 2009).  The trial court ordered a pre-sentencing
investigation (PSI) and, after receiving the report, sentenced Sanchez to nine
months’ confinement.  In his sole issue
on appeal, Sanchez contends that the evidence is legally insufficient to
support his guilty plea.  Finding the
evidence sufficient as a matter of law, we affirm.

BACKGROUND

          Before
entering his guilty plea, Sanchez signed a “Waiver of Constitutional Rights,
Agreement to Stipulate, and Judicial Confession.”  The contents of this document pertinent to
Sanchez’s appeal read:

In open court and prior to entering my plea,
I waive the right of trial by jury.  I
also waive the appearance, confrontation, and cross-examination of witnesses,
and my right against self-incrimination. 
The charges against me allege that in Harris County, Texas, MARCO
ANTONIO SANCHEZ . . . on or about OCTOBER 4, 2007, did then and there
unlawfully, appropriate, by acquiring and otherwise exercising control over
property, namely, A WATCH owned by PEDRO MARTINEZ . . . of the value of over
one thousand five hundred dollars and under twenty thousand dollars, with the
intent to deprive [Martinez] of the property. 


. . . .

I understand the above allegations and I
confess they are true . . . .

I consent to the oral and written stipulation
of evidence in this case and to the introduction of affidavits, written
statements of witnesses, and other documentary evidence.  

In the “Admonishments” portion of the document,
Sanchez initialed the paragraphs advising him that he was charged with theft
and of the applicable punishment range. 
In the “Statements and Waivers of Defendant” portion, Sanchez initialed
beside the paragraph noting his waivers of the right to have the trial court
orally admonish him and the right to have a court reporter record his
plea.  

          The
trial court’s judgment recites that “[t]he Court received the plea and entered
it of record.  Having heard the evidence
submitted, the Court found the Defendant guilty of the offense . . . .”  

DISCUSSION

          Sanchez’s
challenge to the legal sufficiency of the evidence supporting his conviction
rests on his claim that the record fails to show that the trial court entered
his guilty plea into evidence or took judicial notice of the plea, and the
evidence introduced in the sentencing hearing shows only that he stole money,
not the watch charged in the indictment. 


Under article 1.15 of the Texas
Code of Criminal Procedure, the State must offer sufficient proof to support
any judgment based on a guilty or no contest plea in a felony case tried to the
court.  Tex.
Code Crim. Proc. Ann. art. 1.15 (Vernon 2005); Ex parte Williams, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986); see Menefee v. State, 287 S.W.3d 9, 14
(Tex. Crim. App. 2009). The State must “introduce evidence into the record
showing the guilt of the defendant and said evidence shall be accepted by the
court as the basis for its judgment and in no event shall a person charged be
convicted upon his plea without sufficient evidence to support the same.”  Tex.
Code Crim. Proc. Ann. art. 1.15.  A
defendant who pleads guilty does not need to admit the truth of the evidence to
which he stipulates, but if he does, the court will consider the stipulation to
be a judicial confession.  State v. Stone, 919 S.W.2d 424, 426
(Tex. Crim. App. 1996); Barnes v. State,
103 S.W.3d 494, 497 (Tex. App.—San Antonio 2003, no pet.).  Accordingly, when the defendant has entered a
guilty plea in the trial court, our review is limited to determining whether
sufficient evidence supports the judgment of guilt under article 1.15 of the
Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 1.15.[1]

The evidence required by article
1.15 may be stipulated if the defendant consents in writing, in open court, to
waive the appearance, the confrontation, and cross-examination of witnesses and
further consents to the oral and written stipulation of evidence and to the
introduction of affidavits, written statements of witnesses, and any other
documentary evidence.  See id.  The Agreement to Stipulate and Judicial Confession
that Sanchez executed thus satisfies the statutory evidence requirement.  See Tex.Code Crim. Proc. Ann. art. 1.15; Keller v. State, 125 S.W.3d 600, 605–06
(Tex. App.—Houston [1st Dist] 2003, pet. dism’d).  The recitations in the judgment that the State
introduced evidence of Sanchez’s guilt after he entered his guilty plea, in the
absence of direct proof to the contrary, also confirms that the State satisfied
article 1.15’s evidentiary requirement.  See Schultz v. State, 510 S.W.2d 940,
942 (Tex. Crim. App. 1974).  We hold that
Sanchez’s stipulation of guilt and judicial confession provide sufficient
evidentiary support for the judgment.

CONCLUSION

          The
evidence is legally sufficient to support Sanchez’s guilty plea.  We therefore affirm the judgment of the trial
court.

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Bland and Sharp.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
          A defendant in a noncapital case may waive any rights secured him by law.
 See
Tex. Code Crim. Proc. Ann. art.
1.14(a) (Vernon 2005).  Among other
things, Sanchez waived his right to have a court reporter record the
proceedings.  That waiver is reason
enough to reject Sanchez’s evidentiary sufficiency challenge.  See
Williams v. State, 950 S.W.2d 383, 385 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d).